■ ROSEMARIE GIUFFRIDA, Appellant, v HORACE D. GIUFFRIDA, Respondent. — In a support proceeding pursuant to article 4 of the Family Court Act, petitioner appeals from (1) an order of the Family Court, Suffolk County, dated December 5, 1979, which denied her petition for an upward modification of a child support order, and (2) an order of the same court, dated January 21, 1980 which, *inter alia,* denied her motion for counsel fees. Orders modified, on the law and the facts, petition granted to the extent that the prior order of child support is increased to $75 per week for the subject child, and motion granted to the extent that petitioner is awarded a $500 counsel fee for her prosecution of this matter in the Family Court. As so modified, orders affirmed, without costs or disbursements. Petitioner commenced the instant proceeding for an upward modification of a prior order of child support, alleging that the expenses of the subject child had increased as a result of his enrollment in a private college. She therefore sought to have respondent's child support payments increased to defray those college expenses not already covered by grants and loans and the child's small income from summer work. Respondent's income had increased by approximately $6,000 per year since the entry of the last support order. The subject child had additional yearly expenses of approximately $1,000 due to college tuition costs not otherwise covered. Respondent's child support payments, therefore, should have been increased by the Family Court to an amount equal to his fair share of the parties' increased mutual obligation to meet their child's reasonable needs, including education expenses. Section 416 of the Family Court Act states that a court may include the expense of education in the requirements for an order of support. The statute has been construed as authorizing the Family Court to make an order directing a parent to contribute to a child's private college education if the circumstances warrant it. *(Matter of Kotkin v Kerner,* 29 AD2d 367.) The determination of whether a private college education is a necessary element of child support is viewed as an *ad hoc* decision based on the specific facts of each case. *(Matter of Matthews v Matthews,* 14 AD2d 546.) In this regard, it should be observed that "The increased value that society puts on a higher education has played a part in lowering the burden a petitioner must meet in proving that 'the circumstances warrant it.' 'Indeed, in view of the increasing need of a higher education for success in the world, it has been stated that where a parent has the means, a college education for his children is in fact if not in law "a necessary".' " (1976-1980 Supplemental Practice Commentary, Besharov, McKinney's Cons Laws of NY, Book 29A, Family Ct Act, § 416, p 96; see *Matter of Roth v Roth,* 98 Misc 2d 618, 622;

*Matter of F.L.C. v E.W.P.,* 49 AD2d 263, 268.) In the case at bar, the subject child freely chose to attend a private collegiate institute of technology. Apparently, his career goal is in the field of engineering, and he is doing well in his course of studies in that field. It is beyond cavil that the school he is attending, by reason of the specific orientation of its curriculum, will, to the child's best interests, particularly enhance his career goals. We are, therefore, convinced that these education expenses, which have been satisfied in large measure by grants and loans, are reasonable and necessary elements of the parental child support obligation. We are also convinced that by increasing respondent's support payments by $10 per week, an amount he is capable of meeting due to his increased income, he will be paying his fair share of this mutual obligation. (See *Matter of Carter v Carter,* 58 AD2d 438.) On the issue of counsel fees, a $500 award to petitioner was warranted, considering the services rendered, the merit of petitioner's claim and the resources and expenses of the respective parties. (Family Ct Act, § 438; see *Matter of Leona G. v Edwin G.,* 101 Misc 2d 824; *Matter of Hahn v Hahn,* 78 Misc 2d 585, affd 44 AD2d 913.) Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.