■ In the Matter of ANNE M. TIBALDI, Respondent, v HERBERT J. OTTEN, Appellant. — In a proceeding to modify an award of child support, the father appeals from an order of the Family Court, Suffolk County (Campbell, J.), entered March 13, 1984, which granted petitioner mother's application for an increase in child support to be paid by the father to the extent of (1) increasing the sum for Michael Otten from $15 per week to $50 per week, (2) maintaining the sum for Denise Otten at $15 per week, (3) directing the father to pay $10 per week in arrears, for a total weekly payment of $75, retroactive to January 1, 1983, and (4) directing the father to pay one half of all of Denise Otten's college tuition, room and board, supplies and equipment for the scholastic years 1983 to 1984, 1984 to 1985 and 1985 to 1986.

Order affirmed, without costs or disbursements.

Petitioner's request in this proceeding was predicated on the children's right to receive adequate support, and thus "it was not necessary to demonstrate an unanticipated and unreasonable change in circumstances to justify an increase" (*Matter of Michaels v Michaels,* 56 NY2d 924, 926). A sufficient factual basis for the upward modification in the best interests of the children has been established (*Stevenson v Stevenson,* 98 AD2d 718, 719).

Furthermore, upon review of the record, we find that petitioner has established "special circumstances" warranting the Family Court's direction to the father to pay for one half of Denise's college education (*Kaplan v Wallshein,* 57 AD2d 828, 829; *Shapiro v Shapiro,* 116 Misc 2d 40, 45). By complying with the order, the father will be paying his fair share of this mutual obligation (*Giuffrida v Giuffrida,* 81 AD2d 905, 906). Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.