■ MIRIAM HUTTER, Respondent, v WILLIAM HUTTER, Appellant.—Mikoll, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered March 14, 1984 in Ulster County, upon a decision of the court at Trial Term (Williams, J.), without a jury.

In the instant divorce dispute relating to issues of child support, maintenance and equitable distribution, defendant did not move for a judicial order modifying an initial temporary support order, but, rather, made reduced payments on his own initiative; accordingly, Trial Term was mandated to enter judgment for arrears unless defendant showed good cause for failing to so move prior to the accrual of the arrears (*see,* Domestic Relations Law § 244; *see also, Coveleski v Coveleski,* 93 AD2d 924; *Malta v Malta,* 87 AD2d 988). The determination of Trial Term, which awarded $2,565 less in arrearages than plaintiff originally demanded, indicates that Trial Term found defendant had established good cause for failing to move for a court-ordered modification prior to the accrual of such arrears. However, Trial Term did not disclose on what specific basis it arrived at the $2,100 arrearage figure and, on this inconclusive record, we can only speculate what Trial Term credited or rejected. Consequently, the judgment of arrears in the amount of $2,100 must be reversed and the matter remitted to Trial Term for specification as to its determination of arrearages.*

Trial Term also abused its discretion in finding that defendant was responsible for support of his infant daughter until the completion of her college education. Trial Term's directive of support for the minor beyond the age of 21 can only be maintained by resorting to an analysis that the determination

---

* In holding in this respect, however, we note that Trial Term should not award an arrearage greater than $2,100 upon remittal. This is because plaintiff never cross-appealed from Trial Term's determination denying her the sum of $4,665 in arrearages as requested in her papers. Thus, upon being awarded the sum of only $2,100 in arrearages by Trial Term, plaintiff was clearly an aggrieved party within the meaning of CPLR 5511. By failing to appeal in this respect, plaintiff waived her right to any further relief in excess of $2,100 (*see, Hecht v City of New York,* 60 NY2d 57, 60; *cf. Matter of Mazur v Ryan,* 98 AD2d 974, *appeal dismissed* 61 NY2d 832).

was made on the basis that it imposed an obligation upon defendant to provide for the daughter's college education.

Absent, as here, a voluntary agreement between the parties regarding financing of the minor's education, Trial Term's determination of support beyond the age of 21, provided the daughter remains in college, can only be sustained by a showing of "special circumstances" (see, Koren v Koren, 70 AD2d 950). Three factors are generally relevant in making such a determination: (1) the educational background of the parents, (2) the child's academic ability, and (3) the father's financial ability to provide the necessary funds (Connolly v Connolly, 83 AD2d 136, 140, appeal dismissed 55 NY2d 1037; Kaplan v Wallshein, 57 AD2d 828, 829). "Special circumstances" are not present here. First, there is no evidence in the record that either parent possessed a college degree or had been so educated. Second, at the time of trial, defendant was only working sporadically. The only evidence arguably in plaintiff's favor is that the minor maintained a "B" average in high school, relevant to the third factor, academic ability. It appears, therefore, that the child support determination can only be sustained until the minor reaches age 21 (see, Domestic Relations Law § 32 [3]).

Additionally, it should be noted that Domestic Relations Law § 236 (B) applies to this action since it was commenced after July 19, 1980, the effective date of this statute's operation (see, L 1980, ch 281, § 9). Trial Term failed to comply with the mandate of the statute that the five specific factors involved and relevant in the determination of an award for child support be listed in the court's decision (see, Domestic Relations Law § 236 [B] [7] [a], [b]). Consequently, Trial Term should, upon remittal, set forth the specific factors that it considered surrounding the award of child support so as to comply with the statutory mandate (cf. Lischynsky v Lischynsky, 95 AD2d 111, 112).

Finally, it appears that although defendant stated in his brief that he appealed from Trial Term's directive that the marital residence be sold only after his daughter attained the age of 21 or ceased college study, whichever occurred last, the issue is not otherwise treated in his brief. Trial Term should also reconsider this determination upon remittal since the issue involves the equitable distribution of marital property (Domestic Relations Law § 236 [B] [5] [d], [g]).

Judgment modified, on the law and the facts, without costs, by reversing so much thereof as (1) granted plaintiff $2,100 in

child support arrears, (2) directed defendant to pay child support for his minor daughter after reaching age 21, and (3) directed that the marital residence be sold after the support obligations for the minor daughter cease; matter remitted to Trial Term for further proceedings not inconsistent herewith; and, as so modified, affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.