■ JANE SORRENTINO, Respondent-Appellant, v NICHOLAS SORRENTINO, Appellant-Respondent.—In a matrimonial action, the defendant husband appeals and the plaintiff wife cross-appeals, as limited by their briefs, from stated portions of an amended judgment of the Supreme Court, Queens County (La Fauci, J.), dated January 10, 1984, which, inter alia, required defendant to pay maintenance for an unlimited period of time, and awarded plaintiff only 25% of the value of the marital residence.

Amended judgment modified, on the law, (1) by deleting therefrom so much of the fifth decretal paragraph as directed defendant husband to pay maintenance in the amount of $100 per week to plaintiff wife from September 7, 1985 until the death of either party or the remarriage of the plaintiff, and substituting therefor a provision directing defendant to pay such maintenance for a period of five years from September 7, 1985 or until the death of either party or the remarriage of the plaintiff, whichever occurs first, and (2) by increasing the award in the thirteenth and fourteenth decretal paragraphs representing plaintiff's share of the marital residence from

$22,000 to $44,000, which is one half of $88,000, the agreed net value of the premises. As so modified, amended judgment affirmed, insofar as appealed from, without costs or disbursements. Defendant's time to pay the $44,000 is extended until six months after service upon him of a copy of the order to be made hereon, with notice of entry.

The parties were married in November 1976, and divorce proceedings were commenced approximately 4½ years later, in 1981. There is one child of the marriage, Alana, of whom plaintiff has custody.

From the outset of the marriage until the birth of the parties' child in December 1979—the greater part of the time that the parties lived together—plaintiff wife was employed as a secretary and administrative assistant, earning approximately between $10,000 to $13,000 per year. During that period she regularly contributed to the finances of the household, and towards the parties' purchase of the marital home, the title to which was taken jointly. In addition, she cared for defendant's two young children by a previous marriage, who lived with them. Following the birth of the parties' own child, plaintiff did not return to work outside the home but remained at home to care for their infant daughter. Defendant husband's salary averaged about $30,000 per year during the marriage, but the trial court also found that he had access to other, unexplained funds.

The principal assets of the marriage were bank accounts of approximately $20,000 and the marital premises. With respect to these premises, the parties stipulated at trial that, according to the court-ordered appraisals, the market value of the marital home was $118,000 at the time of the commencement of the action in June 1981, but had increased to $130,000 by the time of trial in April 1983; the parties further agreed that it was for the trial court to decide which of the two appraised values would be used for the purposes of equitable distribution. At the time of trial, defendant husband and the two children of his previous marriage occupied the marital home, and plaintiff and the child of the parties were residing in the basement of plaintiff's parents' home.

At trial, plaintiff sought, *inter alia,* maintenance and child support, but she did not ask to be awarded exclusive possession and occupancy of the marital home. Instead, she sought a distributive award of approximately $55,000, that is, approximately one half of (1) the $20,000 bank accounts plus (2) the value of the marital home at the time of trial, $130,000, less the mortgage of $42,000 outstanding at the time of trial.

The trial court awarded plaintiff $100 per week as temporary maintenance nunc pro tunc for the period from May 13, 1981 to May 16, 1983, a total of $10,400. Additionally, the trial court awarded plaintiff maintenance of $200 per week until September 7, 1985, and $100 per week thereafter until such time as either party dies, or plaintiff remarries. We find, however, that the trial court should not have directed that defendant husband be required to make such payments for an unlimited period of time. The marriage here was of relatively brief duration, and plaintiff is a comparatively young woman in good health and with work experience that should enable her to become self-supporting. Moreover, the child of the parties is now almost of school age. Given these factors, we deem it appropriate to limit the duration of defendant's obligation to pay maintenance as herein provided, as that limitation will assure that plaintiff's reasonable needs will be met, and that she will also have the incentive to become financially independent (see, e.g., Hillmann v Hillmann, 109 AD2d 777; Armando v Armando, 114 AD2d 875).

With respect to the trial court's distribution of the assets of the parties, we find that the award to plaintiff of a one-quarter share of the parties' bank accounts, or $5,122.50, effected a distribution of the liquid assets of the parties which closely resembles the funds which each party brought into the marriage, and should not be disturbed. However, we find that plaintiff was entitled to a greater distributive share of the value of the marital premises than was awarded by the trial court.

Noting the two-year interim between the commencement of the instant action and its trial, the trial court determined that the value of the marital premises was the higher figure, $130,000. Under the circumstances of this case, we cannot say that its determination was erroneous as a matter of law.

From the value of $130,000, the trial court then subtracted the outstanding mortgage of $42,000 for a net value of $88,000, and awarded plaintiff one quarter of that amount, or $22,000, to be paid to her by defendant within six months of the entry of judgment, at which time plaintiff was to execute to him a quitclaim deed of her interest in the property. In light of plaintiff's contributions to the marriage, and her need at the time of trial to secure a suitable home for herself and the parties' child, this award should be increased to one half of the net value of the premises as found by the trial court.

Plaintiff's contributions to the marriage here were substan-

tial, in both the economic and noneconomic senses. She worked outside the home and made financial contributions to the household from the beginning of the marriage in November 1976 until her ninth month of pregnancy in December of 1979, when she ceased work outside the home to care for the parties' infant child. Moreover, throughout the marriage, she provided homemaker services not only for defendant and the parties' child, but for defendant's two children by another marriage as well. Finally, it must be considered that defendant and his two children of a previous marriage are to have the continued benefit of the marital premises as their home, but that plaintiff, at the time of the action, was living with the parties' child in the basement of her parents' home, and had the additional need to obtain adequate living accommodations (see, Domestic Relations Law § 236 [B] [1] [d]; [5] [d] [6]; see also, Conner v Conner, 97 AD2d 88, 99; Majauskas v Majauskas, 61 NY2d 481, 489-490; Harness v Harness, 99 AD2d 658; cf. Jolis v Jolis, 98 AD2d 692, appeal withdrawn 62 NY2d 977).

We find, therefore, that an appropriate distributive award of the marital premises in the instant case is one half the net value as found by the trial court, or $44,000. Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.