■ KENNETH TAYLOR, Appellant, v GERTRUDE TAYLOR, Also Known as TRUDI TAYLOR, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Kings County (Spodek, J.), entered October

26, 1984, which, *inter alia,* awarded the defendant wife maintenance for a period of seven years, child support, and attorney's fees, and granted the defendant leave to reapply for custody after one year from the date of the judgment.

Judgment modified, as an exercise of discretion, by decreasing the amount of legal fees that the plaintiff is directed to pay to the defendant's counsel from $8,500 to $2,500. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1970 and have two children. Since 1967 the husband has been employed by the Greenwood Cemetery and is now its superintendent. Prior to her marriage, the wife's employment history was limited to a brief tenure with the telephone company and thereafter she was not employed outside the home. She lacks a high school diploma, but has expressed a desire to enroll in a 15-month program pursuant to which she would complete her high school education and acquire secretarial skills. At the time of trial, the wife was 32 years old. Custody of the children was awarded to the husband.

Under these circumstances we do not find the duration of the husband's obligation to provide maintenance for the wife to be unreasonable. This will ensure that the wife's needs are met while she obtains the training necessary to become self-supporting *(see, Sorrentino v Sorrentino,* 116 AD2d 564; *Hillmann v Hillmann,* 109 AD2d 777). If, however, circumstances change, the parties may make application for such modification as would be appropriate.

We find that the award of attorney's fees was excessive to the extent indicated. In light of the fact that neither party has adequate resources to pay the award, the issues were relatively simple, and the matter was unnecessarily protracted, an award of $2,500 is adequate.

The husband's remaining arguments are unpersuasive. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.