■ JOANNE R. NILES, Appellant-Respondent, v CARL L. NILES, Respondent-Appellant.—Mahoney, P. J. Cross appeals from a judgment of the Supreme Court granting plaintiff a divorce and ordering equitable distribution of the parties' marital property, entered October 15, 1985 in Tioga County, upon a decision of the court at Trial Term (Smyk, J.), without a jury.

The parties had been married for more than 30 years when plaintiff commenced this action seeking divorce on the grounds of cruel and inhuman treatment and adultery. Defendant answered, denying the allegations in the complaint. The case went to a nonjury trial and, ultimately, defendant withdrew his answer, but not his appearance. Both parties submitted evidence on the issue of division of marital property. Trial Term eventually issued a judgment granting plaintiff a divorce on the ground of cruel and inhuman treatment. Defendant appeals.*

Defendant initially contends that plaintiff's evidence did not rise to the level of cruel and inhuman treatment. A divorce may be granted on the basis of cruel and inhuman treatment which so endangers the plaintiff's physical or mental well-being that it would be unsafe or improper for the plaintiff to continue cohabiting with the defendant (Domestic Relations Law § 170 [1]). Proof of irreconcilable or irremediable differences or proof that the marriage is "dead" is insufficient to establish cruel and inhuman treatment *(see, Brady v Brady,* 64 NY2d 339). In a marriage of long duration a high degree of proof is required for a divorce based on cruel and inhuman treatment to be granted *(see, O'Connell v O'Connell,* 116 AD2d 823, 824). In the instant case, uncontroverted evidence established that defendant absented himself from the home on numerous occasions for prolonged periods of time without explanation. The evidence also indicated that defendant ignored plaintiff and kept company with other women. Trial Term found that these activities caused physical and mental distress to plaintiff as well as public humiliation which made

* Plaintiff also filed a notice of appeal but has failed to pursue her appeal.

cohabitation with defendant unsafe. Further, these activities were not short-term problems, but had been going on for some time. Upon our review of the record, Trial Term properly granted plaintiff a divorce based on cruel and inhuman treatment.

We reach a different conclusion concerning equitable distribution of the marital property. The court making an equitable distribution of marital property "shall set forth the factors it considered and the reasons for its decision" (Domestic Relations Law § 236 [B] [5] [g]). Here, Trial Term ordered that, *inter alia,* plaintiff retain her interest in her pension, defendant receive certain land contracts, real property and mortgages, and defendant pay $115,000 to plaintiff over a 10-year period. Trial Term did discuss the factors enumerated in the statute. However, it failed to value the property distributed, thus making it impossible to determine whether the distribution was proper. Therefore, the matter must be remitted for valuation of the marital property.

Lastly, Trial Term provided that plaintiff and defendant share the college expenses of their two children. We note that, absent an agreement between the parties on the financing of their children's education, a determination of responsibility for college expenses beyond a child's 21st birthday can only be sustained by a showing of special circumstances *(see, Koren v Koren,* 70 AD2d 950).

Judgment modified, on the law, without costs, by reversing so much thereof as directed equitable distribution of the parties' marital property and provided for payment of college expenses of the children; matter remitted to Supreme Court for further proceedings not inconsistent herewith; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.