■ MARIANNE JACKSON, Respondent-Appellant, v WILLIAM JACKSON, Appellant-Respondent.—In an action for a divorce and ancillary relief, (1) the defendant husband appeals from· a judgment of the Supreme Court, Nassau County (McCabe, J.), entered November 12, 1986, which, *inter alia,* granted the plaintiff wife a divorce and which directed him to pay $1,400 per month in child support and, in addition, to pay tuition for the undergraduate college education of each of the parties' four children, and (2) the plaintiff wife cross-appeals from so much of the same judgment as denied her an award of counsel fees.

Ordered that the judgment is modified, on the facts, and as a matter of discretion, by deleting the fifth decretal paragraph thereof; as so modified, the judgment is affirmed, without costs or disbursements.

In the absence of "special circumstances", it is error for a court to direct a parent to pay for the college education of his child *(see, e.g., Samuels v Venegas,* 126 AD2d 145, 151-152, *lv dismissed* 70 NY2d 692; *Hutter v Hutter,* 112 AD2d 543, 544; *Connolly v Connolly,* 83 AD2d 136, 139-140; *Kaplan v Wallshein,* 57 AD2d 828, 829; *Tannenbaum v Tannenbaum,* 50 AD2d 539, 540; *Matter of Hawley v Doucette,* 43 AD2d 713, 714; *see also, Hill v Hill,* 121 AD2d 270, 271; *Valente v Valente,* 114 AD2d 951). We have considered those factors which, as outlined in the cases cited above, relate to the question whether "special circumstances" exist so as to warrant ordering a parent to pay for his children's college tuition. We note, primarily, that the defendant husband, whose regular child support payments currently consume approximately one half of his net earnings, cannot be considered financially well suited to meet the additional requirement that he pay for the college tuitions of four children. Considering this, among other relevant factors, we conclude that the court improvidently exercised its discretion in directing the defendant to pay for his children's college tuition.

We have examined the parties' remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.