■ DONNA WILLIS, Respondent, v ALBERT B. WILLIS, Appellant.—In a matrimonial action in which the parties were divorced by judgment entered May 27, 1987, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated January 25, 1988, as awarded the plaintiff wife counsel fees in the amount of $1,000 in connection with her postjudgment motion to enforce certain provisions of a separation agreement entered into by the parties on February 11, 1987.

Ordered that the order is modified, by deleting the provision thereof which, upon granting that branch of the plaintiff's motion which was for an award of counsel fees, set the fees in the amount of $1,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a determination of the amount of reasonable attorney's fees.

Although we agree with the Supreme Court that, pursuant to the separation agreement, the plaintiff was entitled to reasonable attorney's fees arising from her application to enforce the agreement necessitated by the defendant's breach of various provisions, we find no basis in the record for determining the reasonableness of the amount requested and awarded. It is well settled that an award of attorney's fees should be "reasonable in light of the skill, experience and background of * * * counsel, the nature of the services rendered, the difficulty and complexity of the issues of fact and law involved in the case, as well as the time actually spent on [the case]" *(Silver v Silver,* 63 AD2d 1017, 1018). While the parties may waive a hearing and stipulate that attorney's fees be determined on documentary evidence *(see, Boritzer v Boritzer,* 137 AD2d 477, 478; *Price v Price,* 115 AD2d 530; *Sadofsky v Sadofsky,* 78 AD2d 520, 521), in this case there was no stipulation and no documentary evidence submitted. Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.