■ SUSAN HAIMOWITZ, Respondent, v EDWIN GERBER, Appellant.—In a proceeding pursuant to Family Court Act article 4 for an upward modification of certain support provisions in a judgment of divorce, the father appeals from an order of the Family Court, Rockland County (Hochberg, H.E.), dated March 31, 1987, which granted the mother's petition to the extent of directing him to pay $130 per month for college tuition and $20 per week for living expenses of the parties' son Ronald.

Ordered that the order is affirmed, with costs.

The petitioner mother commenced the instant proceeding for an upward modification of the child support provisions of a prior divorce judgment, which incorporated, but did not merge with, the terms of a separation agreement. The petitioner alleged that the needs and, correspondingly, the expenses of the parties' eldest son had increased as a result of his enrollment in college. The oldest son is attending the University of Rochester and is the recipient of the prestigious Bausch and Lomb medal for science and math, amply demonstrating his aptitude and need for a college education *(see, Giuffrida v Giuffrida,* 81 AD2d 905). The parents are both college graduates and the appellant has the financial ability to provide the necessary funds to defray college tuition and incidental expenses not already covered by the son's scholarships, grants and loans *(see, Pulitzer v Pulitzer,* 134 AD2d 84, 88). The amount of tuition that is not satisfied by scholarships and loans is $1,564 per year and the shortage for incidental expenses, such as the costs of books and commuting, is over $1,500 per year. Regarding the appellant's ability to contribute to his son's education expenses, it is noteworthy that he voluntarily pays approximately $9,000 a year for the support of his parents,

and expends about $3,200 each year for visits to Florida, where his parents reside.

The appellant has a statutory obligation to provide for his child's reasonable needs, including education expenses where the circumstances warrant it *(see,* Family Ct Act § 413; Domestic Relations Law § 236; *see also, Giuffrida v Giuffrida,* 81 AD2d 905, *supra).* This statutory duty cannot be evaded by means of a provision in the parents' separation agreement which, in this case, states in pertinent part that the appellant should not be responsible for "tuition, books, fees, room and board and any expenses that may be required to send any of the children to any institution of higher education or post-high school education". While the terms of a separation agreement may bind the parents, the son is not so bound and the instant proceeding was properly commenced against the appellant despite the existence of the provision for support in the separation agreement *(see,* Family Ct Act § 461 [a]; *Matter of Boden v Boden,* 42 NY2d 210, 212; *Matter of MacFadden v Martini,* 119 Misc 2d 94, 97-98).

Contrary to the appellant's contention, the petitioner's request in this proceeding was predicated on the child's right to receive adequate support. Consequently, it was not necessary to demonstrate an unanticipated and unreasonable change in circumstances to justify an increase *(see, Matter of Michaels v Michaels,* 56 NY2d 924, 926; *Matter of Brescia v Fitts,* 56 NY2d 132; *Matter of Tibaldi v Otten,* 111 AD2d 859; *Stevenson v Stevenson,* 98 AD2d 718; *cf., Matter of Boden v Boden,* 42 NY2d 210, *supra).* A sufficient factual basis for the upward modification in the best interests of the child has been established *(see, Matter of Tibaldi v Otten, supra; Stevenson v Stevenson, supra; Giuffrida v Giuffrida,* 81 AD2d 905, *supra).*

Upon a review of the record, there are "special circumstances" warranting the Family Court's directive to the father to contribute toward his eldest son's college education, specifically, the highly educated background of the parents, the child's academic ability, and the father's financial ability to provide the necessary funds *(see, Kaplan v Wallshein,* 57 AD2d 828, 829; *Giuffrida v Giuffrida, supra).* Moreover, the Family Court's apportionment of the burden of providing for the increased needs of the child based on the respective financial status of the parents was not an improvident exercise of discretion. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.

■ GERMAIN LaPOINTE, Doing Business as CONTINENTAL