■ In the Matter of ROSE MONTAGNINO, Respondent, v THOMAS MONTAGNINO, Appellant.—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Balkin, J.), entered April 19, 1990, which denied his objections to an order of the same court (Griffin, H.E.), entered March 9, 1990, granting the mother's application for an upward modification of a prior child support order.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner mother commenced the instant proceeding for an upward modification of the child support provisions of a prior divorce judgment, in which the terms of a prior separation agreement were incorporated but not merged. The petitioner alleged that the needs and, correspondingly, the expenses of the parties' two children had increased as a result, among other things, of the enrollment of the eldest son in college. The eldest son is attending Seton Hall University and has demonstrated his aptitude and need for a college education (see, Giuffrida v Giuffrida, 81 AD2d 905). The parents are both college graduates, who also hold Master's degrees. The appellant father has the financial ability to provide the necessary funds to help defray college tuition and incidental expenses (see, Pulitzer v Pulitzer, 134 AD2d 84, 88).

The appellant has a statutory obligation to provide for his children's reasonable needs, including education expenses where the circumstances warrant it (see, Family Ct Act § 413; Domestic Relations Law § 236; see also, Giuffrida v Giuffrida, supra). This statutory duty cannot be evaded by means of an omission in the parent's separation agreement, which in this case neglects to specifically provide for college expenses. While the terms of a separation agreement may bind the parents, the children are not so bound and the instant proceeding was properly commenced against the appellant despite the absence of such a provision in the separation agreement (see, Family Ct Act § 461 [a]; Matter of Boden v Boden, 42 NY2d 210, 212; Matter of MacFadden v Martini, 119 Misc 2d 94, 97-98).

Contrary to the appellant's contention, the petitioner's request was predicated on the children's right to receive adequate support. Consequently, it was not necessary to demonstrate an unanticipated and unreasonable change in circumstances to justify an increase (see, Matter of Michaels v Michaels, 56 NY2d 924, 926; Matter of Brescia v Fitts, 56 NY2d 132; Haimowitz v Gerber, 153 AD2d 879; Matter of Tibaldi v Otten, 111 AD2d 859; cf., Matter of Boden v Boden, supra). A sufficient factual basis for upward modification in the best interests of the children has been established (see, Matter of Tibaldi v Otten, supra; Stevenson v Stevenson, 98 AD2d 718; Giuffrida v Giuffrida, supra).

Upon a review of the record, we find that the Family Court correctly upheld the Hearing Examiner's direction that the appellant contribute toward his eldest son's college education,

particularly in light of the educational background of the parents, the child's academic ability, and the appellant's financial ability to provide the necessary funds *(see, Kaplan v Wallshein,* 57 AD2d 828, 829; *Giuffrida v Giuffrida, supra).* Moreover, the Hearing Examiner's apportionment of the burden of providing for the increased needs of the children based on the Child Support Standards Act formula *(see,* Domestic Relations Law § 240 [1-b]), was not an improvident exercise of discretion. Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.