■ FLORENCE ROMANSOFF, Respondent, v LEONARD ROMAN-SOFF, Appellant.—In a support proceeding pursuant to Family Court Act article 4, Leonard Romansoff appeals from an order of the Family Court, Putnam County (Sweeny, J.), dated May 25, 1989, which denied his objections to an order of the same court (Winslow, H.E.), dated January 20, 1989, which granted the application of Florence Romansoff for an upward modification of child support to the extent of directing him to pay one half the college expenses of the parties' daughter.

Ordered that the order is reversed, on the law, the facts and as an exercise of discretion, without costs or disbursements, the appellant's objections are sustained, the order dated January 20, 1989, is vacated, and the application of Florence Romansoff for upward modification of child support is denied.

Upon our review of the record, we conclude that the Family Court's order directing the appellant father to pay one half of his daughter Stacy's college expenses until the completion of her college education was an improvident exercise of discretion. Prefatorily, we note that since no express agreement was made between the parties to continue the appellant's support for Stacy beyond the age of majority, at best the court could direct the appellant to contribute to her college expenses until she reached the age of 21 years *(see,* Family Ct Act § 413 [1]; Domestic Relations Law § 32; *Bani-Esraili v Lerman,* 69 NY2d 807, 808; *Morrissey v Morrissey,* 153 AD2d 609, 612). In any event, absent a voluntary agreement between the parties regarding the financing of a minor child's college education, a parent may not be directed to contribute towards his child's college education unless special circumstances exist *(see, e.g., Hirsch v Hirsch,* 142 AD2d 138, 144; *Jackson v Jackson,* 138 AD2d 455; *Kaplan v Wallshein,* 57 AD2d 828, 829). The relevant factors in making such a determination are: (1) the educational background of the parents, (2) the child's academic ability, and (3) the parent's financial ability to provide the necessary funds *(see, Hirsch v Hirsch, supra; Kaplan v Wallshein, supra).*

At bar, there was no express agreement compelling the appellant to contribute to his daughter's college expenses. Although the appellant possesses a professional degree as a

chiropractor, the petitioner mother is a high school graduate who is not college educated. The petitioner testified at the hearing that she assumed her children would go to college but nothing in the record indicates that the parties had discussed the subject prior to or during the divorce proceedings. The appellant's obligation under the divorce judgment for the support and maintenance of the petitioner and the parties' two children consumes approximately one half of his gross earnings. Thus, while the appellant earns more than the petitioner, he does not possess the financial ability to meet the additional requirement of paying one half of Stacy's college expenses. The one factor favoring such an award is Stacy's demonstrated superior academic ability. However, considering all the relevant factors, the appellant should not have been directed to contribute additional sums to his daughter's college education *(see, Jackson v Jackson, supra; Hutter v Hutter,* 112 AD2d 543). In this regard, the appellant's continuing child support payments for Stacy, which amount to approximately $5,200 per year, are a sufficient contribution towards Stacy's college expenses of approximately $6,000 per year to meet his fair share of this mutual obligation *(see, Hirsch v Hirsch, supra,* at 145-146). Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.