■ ANDREA P. SMITH, Appellant, v DOUGLAS W. SMITH, Respondent.—Weiss, J. P. Appeal from an order of the Supreme Court (Cheeseman, J.), entered June 4, 1990 in Albany County, which denied plaintiff's motion for an upward modification of child support.

On February 17, 1983, a Supreme Court order increased the monthly child support payments originally provided in the January 11, 1979 judgment of divorce between the parties from $400 to $600. In the instant motion, plaintiff contends that significant changes have occurred since the 1983 order in that one child, age 20, who has been in a two-year community college, intends to transfer to a State university, and the youngest child, now age 17, who is in high school with a B+ average, plans to attend college. She further contends that defendant's salary has increased substantially since the divorce and the 1983 modification, and is in excess of $100,000 a year. Supreme Court denied the motion, finding that plaintiff failed to establish either a significant change of circumstances or a special circumstance warranting court-directed payment of college expenses.

On this appeal, plaintiff contends that Supreme Court erred in rendering a decision without conducting an evidentiary hearing. We disagree. Provisions for child support in a judgment or order may be modified upon a showing of a substantial change in circumstances including financial hardship (Domestic Relations Law § 236 [B] [9] [b]). Entitlement to an evidentiary hearing, however, requires that the party seeking the modification present genuine issues of fact as to whether a substantial change in circumstances has occurred. Upon such showing the court must then conduct a hearing to determine whether modification is warranted (see, Hofmeister v Hofmeister, 120 AD2d 802, 803).

Here, plaintiff has failed to make the requisite showing. She has made conclusory allegations that defendant's income has increased and exceeds $100,000 a year. However, defendant has factually demonstrated through his W-2 income tax forms that, while his 1983 income from wages was in excess of $135,000 due to a shift in employment, his 1989 earnings were less than $84,000 and continue at that level. Both parties have remarried and their households have comparable incomes. In addition, defendant has a child by his new marriage. We find that plaintiff's conclusory allegations of a substantial change of circumstances lack evidentiary support and, therefore, Supreme Court properly found that plaintiff failed to sustain her burden of proof.

Defendant's opposing papers further demonstrate that the oldest of the parties' three children has graduated from college and is now 23 years old, entitling termination of support payments for that child. The middle child is only a few months away from his 21st birthday and about to complete his fifth semester at a two-year community college. He lives in his own apartment year-round. Defendant indicated that he had paid one half of the tuition in addition to his support payments for this child. There is no allegation that any of his reasonable education or other needs were not met and the record fails to suggest any special circumstances *(see, Haimowitz v Gerber,* 153 AD2d 879) which would warrant the court to direct payment of college expenses after that boy turns 21 years of age *(see, Niles v Niles,* 126 AD2d 874, 875). Plaintiff alleges that the youngest son, who is still in high school, plans to attend college after graduation. Although his current needs are being met, should plaintiff demonstrate a sufficient factual basis in the future that the best interest of that child including educational needs require upward modification *(see, Matter of Montagnino v Montagnino,* 163 AD2d 598), plaintiff will be able to move for such relief.

Yesawich Jr., Levine, Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.