■ LYLE A. GRAHAM, Appellant, v JOAN A. GRAHAM, Respondent.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judg-

ment of the Supreme Court (Martin, J.H.O.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered December 20, 1989 in Dutchess County, upon a decision of the court.

The parties were married in 1977, had two children, now ages 13 and 8, and separated in June 1987 as a result of an order of protection. Following a trial, Supreme Court dismissed the complaint and granted a divorce to defendant on her counterclaim for cruel and inhuman treatment. After further testimony the court granted defendant custody of the two children, set child support, equitably distributed the marital property and scheduled limited visitation. Plaintiff has appealed.

Initially, we note that while plaintiff attacked the sufficiency of the evidence upon trial in support of defendant's counterclaim for a divorce and included that issue in his brief on this appeal, his counsel withdrew that contention during oral argument and announced that plaintiff no longer opposed the divorce granted in favor of defendant.

Plaintiff contends that the restrictions placed upon his visitation rights lack any basis in the record. Although the relationship between the parties is tumultuous, Supreme Court found that visitation was to be encouraged and granted plaintiff visitation rights every other weekend from Saturday at 9:00 A.M. to Sunday at 6:00 P.M., and for two weeks in the summer. However, the court denied midweek visitations as disruptive of the children's education and further required that visitation during the summer be exercised only within the State.

We find that the record does not support the denial of midweek visitation. While defendant testified that the hours of the midweek visits interfered with the oldest child's homework, she sought only to advance the visitation time period and have plaintiff return the children "a little earlier". Moreover, the homework problem exists only with the older child and obviously only while school is in session.

Supreme Court limited visitation during summer vacation to this State and further held that under no circumstances was plaintiff permitted to take the children outside the United States. We reject plaintiff's argument that he be permitted to take the children to Jamaica, West Indies. Should an appropriate circumstance arise, plaintiff may make application for such permission. However, we find no reason to preclude vacation trips within the United States. There is no suggestion

that such travel is harmful to the children or that there is a need for the children to remain relatively close to their residence. Moreover, the current schedule makes no reference to holidays or other times when visitations would be appropriate, such as during winter vacations and at times when plaintiff is laid off from work. Accordingly, the issue should be remitted for further proceedings to establish a more effective visitation schedule.

We next find that the denial of maintenance to plaintiff was proper, particularly in light of the parties' actual income. Plaintiff's seasonal construction job and unemployment insurance benefits provide him with an annual income exceeding $22,000. Although defendant's increased earnings since the separation exceed those of plaintiff and, if fully maximized, could potentially double her current earnings, she is still the homemaker for the two children. Plaintiff, on the other hand, has limited outside responsibilities and has the potential to increase his earnings when laid off from construction work. Supreme Court did not credit plaintiff's testimony about his financial affairs, particularly regarding business interests in Jamaica. Plaintiff is fully self-supporting and is economically independent *(see, O'Brien v O'Brien,* 66 NY2d 576, 585) and has failed to demonstrate error in the denial of his application for maintenance.

Plaintiff next challenges Supreme Court's direction that the parties each pay one half of the children's college expenses. Educational expenses, including college costs, may be a proper element of child support *(see, Giuffrida v Giuffrida,* 81 AD2d 905). However, such direction is necessarily dependent upon the specific factual situation confronting the family unit. Here, with the ages of the children being only 13 and 8, future circumstances are speculative at best *(see, Gilkes v Gilkes,* 150 AD2d 200). Moreover, the obligation to provide such support after a child reaches age 21 requires special circumstances *(see, Haimowitz v Gerber,* 153 AD2d 879; *Niles v Niles,* 126 AD2d 874, 875). We further note that the decision and judgment both postdate the Child Support Standards Act (Domestic Relations Law § 240, as amended by L 1989, ch 567), which became effective September 15, 1989 and therefore requires that the matter be remitted for consideration of the issue of child support.

Plaintiff has also challenged a distributive award of $20,000 representing defendant's share of the net proceeds of real property retained by plaintiff. This particular property was purchased in 1985 and sold in 1986. Plaintiff's testimony that

a portion of the purchase price was in fact an investment made by members of his family was discredited by Supreme Court particularly because his family's alleged involvement in the transaction was not documented by any records. Inasmuch as plaintiff failed to overcome the presumption that the property was marital property *(see, Sarafian v Sarafian,* 140 AD2d 801, 804-805), the proceeds were properly subject to a distributive award and, because net proceeds from the sale were in excess of $50,000, we find the award appropriate and within the sound discretion of the court.

Finally, we find no abuse of discretion by Supreme Court in ordering plaintiff to pay $10,410.56 of defendant's counsel fees. The court found that plaintiff's unreasonable conduct in the prosecution of the action added greatly to defendant's expense. A determination regarding legal fees should not be disturbed unless it has clearly been shown to constitute an abuse of discretion *(supra; Foxx v Foxx,* 114 AD2d 605, 607).

Mahoney, P. J., Casey, Levine and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as determined child support and child visitation; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.