■ RUDOLPH NOLFO, Appellant, v KAREN NOLFO, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, (1) as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Robbins, J.), dated October 30, 1991, which, *inter alia,* (a) granted custody of the three infant issue of the parties to the defendant wife, (b) awarded the wife maintenance of $400

weekly for the first five years and $350 weekly for the next three years, (c) directed that, for the first five years, the husband pay additional maintenance of 15% of any compensation received by him in excess of $80,000 with a ceiling of $15,750 upon the additional maintenance to be paid; and for the remaining three years, additional maintenance of 10% of compensation received by him in excess of $80,000, with a ceiling of $10,500 upon the additional maintenance, (d) ordered retroactive maintenance to be paid to the wife in the sum of $200 weekly, (e) directed that the husband maintain life insurance for the benefit of the wife for the eight-year period of maintenance, (f) made an award for the payment of necessaries furnished to the wife, and for unreimbursed medical expenses, (g) ordered that both parties pay future unreimbursed health care expenses of the children in proportion to their respective incomes, (h) made provisions for adjustments in child support based on increases in the husband's income corresponding to the adjustments made in the maintenance award with a ceiling of 14% of $105,000 above his $80,000 base salary, (i) directed that the husband place funds aside for the children's college expenses if his income exceeded $105,000 annually, and (j) awarded counsel fees to the wife's counsel in the amount of $60,000, with a $5,000 credit for moneys already paid, (2) as limited by his brief, from so much of an order of the same court dated February 7, 1992, as awarded counsel fees in the amount of $2,200 to the wife's attorney for the defense of a supplemental motion made by the husband seeking a post-judgment change in the custody award, and (3) from an order of the same court dated May 13, 1992, which issued an income execution for arrears in the amount of $8,727.50.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which directed the plaintiff husband to set aside a portion of his compensation for the children's college expenses and deleting the provision directing that the parties share in the future unreimbursed medical expenses incurred by the children; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 7, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated May 13, 1992, is dismissed as withdrawn; and it is further,

Ordered that the defendant wife is awarded one bill of costs.

The parties were married in 1978. There are three children

of the marriage; twins born in 1984, and another boy born in 1986. This action was commenced in 1990 and custody of the children was awarded to the wife. The wife only completed high school and had not worked since 1983, prior to the birth of the twins. The husband is a senior vice president at an investment banking firm with a 1990 income of $80,000 in base pay and fluctuating bonuses which ranged from a low of $52,000 in 1990, the year the litigation was initiated, to $105,000 in 1989. The wife desires to become a school crossing guard so that she might be available to her children while they are young. As the children become older, the wife intends to seek full time employment.

Under the circumstances, we do not find the eight-year duration of the husband's obligation to provide maintenance for the wife to be unreasonable. This will ensure that her needs are met while she obtains the necessary training to become self-supporting *(see, Poretsky v Poretsky,* 176 AD2d 713; *Brownstein v Brownstein,* 167 AD2d 127; *Sperling v Sperling,* 165 AD2d 338; *Taylor v Taylor,* 122 AD2d 134; *Sorrentino v Sorrentino,* 116 AD2d 564; *Hillman v Hillman,* 109 AD2d 777). Further, in light of the marked disparity between the income and resources of the parties, we do not find that the maintenance award of $400 weekly for the first five years and $350 for the next three years together with a percentage of the husband's incremental income with a ceiling of $15,750 (15% of $105,000) for the first five years and $10,500 (10% of $105,000) for the remaining three years to be unreasonable *(see, Schlosberg v Schlosberg,* 163 AD2d 381).

Contrary to the husband's arguments, the trial court's award of retroactive maintenance was proper and not punitive. The retroactive features reflected the court's response to the inadequacy of the pendente lite award, which created a financial hardship for the wife and necessitated that she expend sums included in her distributive award for the benefit of the children *(see, Harmon v Harmon,* 173 AD2d 98). We further find that the court acted within its discretion in ordering the husband to maintain life insurance naming the wife as beneficiary to ensure that his child support and maintenance obligations would be satisfied *(see, Popack v Popack,* 179 AD2d 746; *Lauricella v Lauricella,* 143 AD2d 642).

The preeminent concern in custody matters is the best interests of the children *(see, Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Setty v Koeneke,* 148 AD2d 520). Neither parent has a prima facie right to

custody (see, Domestic Relations Law §§ 70, 240) and considerations such as stability, the quality of the home environment and parental guidance should be considered. While concerns such as financial status should not be overlooked, an equally valid consideration is the ability of each parent to provide for the children's emotional and intellectual welfare. It is important to consider the wishes of each child but this factor is not determinative and the courts must consider the age and maturity of the children and the potential for influence exerted upon the children. Weighing all these factors requires an evaluation of the testimony, character, and sincerity of the parties involved, and great deference will be accorded to the Trial Justice whose determination is entitled to great weight (see, Eschbach v Eschbach, supra, at 172, 173; Friederwitzer v Friederwitzer, supra, at 94; Klat v Klat, 176 AD2d 922; Matter of Garvin v Garvin, 176 AD2d 318; Del Papa v Del Papa, 172 AD2d 798; Reiss v Reiss, 170 AD2d 589; Gage v Gage, 167 AD2d 332; Linda R. v Richard E., 162 AD2d 48).

The husband works full time and has a lengthy commute which would require him to hire someone to look after the children until he returns home. The wife, on the other hand, indicated that she would remain home to care for the children and, if she took a job, would ensure that she was home when they returned from school. Additionally, she has been the primary caregiver until the instant litigation and has indicated a desire to be a full-time mother. We agree with the trial court's conclusion that, based on the husband's often evasive and untruthful testimony, he sought to alienate the children from their mother and continually undermined her attempts to discipline them. Upon the exercise of our broad review powers in custody matters, we conclude that the trial court's custody determination is supported by a sound and substantial basis in the record and we decline to disturb it.

While the award of $904.78 representing moneys expended by the wife for medical expenses was proper, it was error for the court to direct that the parties share in all future reasonable unreimbursed health care expenses of the children in proportion to their respective incomes. Such payments are in the nature of improper, open-ended obligations. However, the wife is not precluded from applying to the Supreme Court or the Family Court for reimbursement for any extraordinary medical treatments for the children (see, Levine v Levine, 167 AD2d 449; Waterman v Waterman, 160 AD2d 865; Keehn v Keehn, 137 AD2d 493).

It is well established that, absent special circumstances or a

voluntary agreement, the furnishing of a college education to one's minor children is not a necessary expense for which a parent can be obligated. The factors relevant to the determination of special circumstances are (1) the educational background of the parties, (2) the children's academic ability, and (3) the parent's financial ability to provide the necessary funds *(see, Ragazzo v Murray,* 175 AD2d 247; *Romansoff v Romansoff,* 167 AD2d 527; *Breslaw v Breslaw,* 156 AD2d 627; *Hirsch v Hirsch,* 142 AD2d 138; *Jackson v Jackson,* 138 AD2d 455; *Keehn v Keehn, supra; Formato v Formato,* 134 AD2d 564). In the case at bar, there was no agreement and directing the husband to set aside funds for the children's college education was premature at the present time.

The husband's application pursuant to CPLR 4404 dated December 6, 1991, seeking to vacate that portion of the October 30, 1991, judgment of divorce relating to custody was untimely pursuant to CPLR 4405 which provides that a motion to set aside a judgment under article 44 must be made within 15 days. Insofar as the husband alternatively sought relief under CPLR 5015 (a) (2), we find that the motion to vacate the judgment based on newly-discovered evidence was properly denied. None of the allegations set forth in the appellant's affidavit constituted newly-discovered evidence; rather they merely asserted conclusory accusations. He failed to set forth a single date or specific instance to support his claim for a change in custody. Accordingly, the order dated February 7, 1992, must be affirmed.

We find that the court did not improvidently exercise its discretion in awarding the wife counsel fees *(see, DeCabrera v Cabrera-Rosette,* 70 NY2d 879; *Levine v Levine,* 179 AD2d 625; *Lefkowitz v Van Ess,* 166 AD2d 556; *Willis v Willis,* 149 AD2d 584; *Amodio v Amodio,* 122 AD2d 757, *affd* 70 NY2d 5).

We have examined the appellant's remaining contentions and find them to be without merit. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.