■ LAURA CHASIN, Respondent, v MILTON CHASIN, Appellant. [600 NYS2d 830] —Weiss, P. J. Appeal from that part of an order and judgment of the Supreme Court (Connor, J.), entered October 30, 1992 in Ulster County, which granted plaintiff's motion to require defendant to furnish evidence of a life insurance policy naming plaintiff and the parties' children as beneficiaries and denied defendant's cross motion to reduce the amount of said insurance policy.

Defendant sought a reduction of the life insurance obligation of $500,000 set forth in the judgment of divorce securing his financial obligation to plaintiff and their children. Supreme Court denied the motion, finding that defendant had failed to demonstrate a change in his circumstances. We agree and affirm. The affidavit from defendant's accountant relating to the adjustments in tax withholding for the year of 1991 bear little relation to his 1992 financial circumstances. Defendant failed to set forth a statement of net worth *(see,* 22 NYCRR 202.16) or to make a sufficient showing of financial difficulty, and failed to submit proof of the cost of the life insurance policy. While defendant does correctly observe that his total financial liability for the remaining weekly child

support and maintenance obligations could be covered with a smaller insurance policy, he has not addressed his other financial obligations such as medical expenses and college expenses of the children, and unpaid equitable distributions of marital property which he holds and is still payable to plaintiff. Faced with a lack of proof supportive of a claimed change in circumstances, Supreme Court properly denied the motion without a hearing *(see, Smith v Smith,* 174 AD2d 818).

Mercure, Mahoney and Casey, JJ., concur. Ordered that the order and judgment is affirmed, with costs.