■ In the Matter of ERWIN SCHACHNER et al., Appellants, v CESAR PERALES, as Social Services Commissioner of the State of New York, et al., Respondents. [609 NYS2d 241] —Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 19, 1992, which dismissed petitioners' CPLR article 78 petition, seeking to annul a June 11, 1991 determination after a fair hearing of the New York State Department of Social Services (the "Agency"), which upheld the determination of the New York City Department of Social Services regarding the amount of petitioners' community spouse monthly income allowance for the period October 16, 1989 through December 31, 1990, and directed the Agency to obtain additional verification of petitioners' income, unanimously affirmed, without costs.

Petitioners failed to demonstrate exceptional circumstances for the period in question sufficient to require the local social services agency to deviate from the standard "community spouse monthly income allowance". Pursuant to Social Services Law § 366-c (8) (b), the local agency is permitted to allocate more of the institutionalized spouse's income to the

community spouse "[i]f either spouse establishes that the community spouse needs income above the level established by the social services district as the minimum monthly maintenance needs allowance, based upon exceptional circumstances which result in significant financial distress," and to "substitute an amount adequate to provide additional *necessary* income" (emphasis added). Significant financial distress is defined pursuant to 18 NYCRR 360-4.10 (a) (10) as "exceptional expenses which the community spouse cannot be expected to meet from the monthly maintenance needs allowance or from amounts held in resources * * * and may include but are not limited to: recurring or extraordinary noncovered medical expenses; amounts to preserve, maintain or make major repairs on the homestead; and amounts necessary to preserve an income-producing asset."

A statute or regulation which enumerates several examples of a class but also incorporates language indicating that there may be other examples shall be read to mean other examples of a quality and likeness similar to the examples specifically enumerated (McKinney's Cons Laws of NY, Book 1, Statutes § 239 [b]; *see, e.g., Barsh v Town of Union,* 126 AD2d 311). In this case the enumerated examples pertain to things which may be deemed "necessaries". By contrast, under the common law it is well established that, absent special circumstances or voluntary agreement, the furnishing of a college education to a minor child is not a necessary expense for which a parent is obligated *(see, Nolfo v Nolfo,* 188 AD2d 451, 454-455). Accordingly, absent a legislative intent that such an expense be considered *(cf.,* Domestic Relations Law § 240 [1-b] [c] [7]), the Agency's finding that expenses for the private college education of petitioner's daughter were not "exceptional" expenses within the meaning of the statute was not arbitrary, capricious or an abuse of discretion.

We have considered petitioners' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ross, Asch, Rubin and Tom, JJ.