■ In the Matter of LEONARD W. KROUNER et al., Appellants, v CYNTHIA URBACH, Respondent. [699 NYS2d 220] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ferradino, J.), entered June 11, 1999 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Domestic Relations Law § 240 (1-b) (c) (7), for, inter alia, an order directing respondent to contribute to petitioner Kenneth Krouner's educational expenses.

By this proceeding, petitioner Leonard W. Krouner* (hereinafter Krouner) seeks, inter alia, to have respondent deposit funds in a segregated account to repay a college student loan obtained by their son Kenneth Krouner (hereinafter Kenneth). Krouner and respondent (hereinafter collectively referred to as the parties) were divorced in 1986. A stipulation defining their child support obligations was incorporated but not merged into the divorce decree and, despite modifications since its inception, the stipulation is silent with respect to the parties' responsibilities to pay for Kenneth's college education. Petitioners appeal Supreme Court's dismissal of the petition.

In dismissing the petition, Supreme Court concluded that because Kenneth was over the age of 21 it could not compel re-

---

* The petition was subsequently amended to include Kenneth Krouner as a petitioner.

spondent to contribute to his college education. Notwithstanding the absence of language in the stipulation as to the parties' obligation to provide for Kenneth's college education expenses and the fact that he has attained the age of 21 and payment for such expenses is not required by statute (*see,* Domestic Relations Law § 240 [1-b] [b] [2]), such payment may be enjoined if special circumstances exist (*see,* Domestic Relations Law § 240 [1-b] [c] [7]; *see also, Hapeman v Hapeman,* 229 AD2d 807, 810; *Smith v Smith,* 174 AD2d 818, 819; *Haimowitz v Gerber,* 153 AD2d 879, 880). Inasmuch as each parent has a postgraduate degree and Kenneth has demonstrated academic ability (*see, Hutter v Hutter,* 112 AD2d 543, 544), whether special circumstances obtain turns on respondent's ability to provide the necessary funds (*see, id.,* at 544). And, as to that, although petitioner has proffered various documents purportedly indicating that respondent has the wherewithal to help defray Kenneth's education expenses—a premise vigorously disputed by respondent—the parties' submissions on this issue are not sufficiently developed in the record to enable us to pass on this aspect of the petition. Accordingly, a hearing must be held at which testimony and evidence is to be produced as to respondent's financial ability.

There is merit to Krouner's contention that Supreme Court misapprehended its authority by failing to entertain Krouner's request to order respondent to reimburse him for child support payments he made to respondent during 1997 while Kenneth resided with him. Given that Supreme Court, unlike Family Court, has equitable powers, this was indeed the forum available to Krouner to enable him to secure the reimbursement he seeks (*see,* Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 449, at 473-474).

We have considered the parties' other arguments and find them to be without merit.

Mikoll, J. P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.