*827 OPINION OF THE COURT
Richard B. Meyer, J.
Objections filed by respondent Kyle Whitford (Whitford) to an order of the Support Magistrate (Heussi, S.M.) dated April 3, 2009 which granted child support to petitioner Pamela A. Grey in the biweekly amount of $306 for their two children.
Whitford objects to the determination of the Support Magistrate on the grounds that (1) he did not, as a pro se litigant, receive a copy of the Child Support Standards Act chart prior to the entry of the child support order, pursuant to Family Court Act § 413 (1) (i); (2) the resulting tax implications to the parties were not taken into consideration at the hearing; and (3) the amount of time the children spend with him substantially reduces expenses to the custodial parent. Whitford also posits a general objection regarding the Support Magistrate’s determination naming Grey as custodial parent for child support purposes.
Here, the audio recording of the child support hearing reveals that the Support Magistrate patiently and meticulously engaged in a step-by-step explanation, fully conforming to statute (Family Ct Act § 413 [1] [c]-[g]), as to exactly how he arrived at the figure ultimately determined to be his biweekly child support obligation. Whitford did not, at the hearing or in his written objections, dispute the income figures used to derive the basic child support amount, and no legal argument under the statute was advanced by Whitford requiring a downward deviation from that amount. Nonetheless, the record does not reveal that a copy of the Child Support Standards Act chart was provided to Whitford.
Family Court Act § 413 (1) (i) provides that
“[w]here either or both parties are unrepresented, the court shall not enter an order or judgment other than a temporary order pursuant to section two hundred thirty-seven of this article, that includes a provision for child support unless the unrepresented party or parties have received a copy of the child support standards chart promulgated by the commissioner of social services pursuant to subdivision two of section one hundred eleven-i of the social services law.”
Notwithstanding that the application of Family Court Act § 413 (1) (i) to the facts here creates an absurd result, because “Fam *828 ily Court is a court of limited jurisdiction that cannot exercise powers beyond those granted to it by statute (see Matter of Silver v Silver, 36 NY2d 324, 326 [1975])” (Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366 [2008]), this court is constrained by the clear language of the statute (Matter of Krouner v Urbach, 267 AD2d 575 [1999]), even when the substance of the chart was reviewed on the record and no deviation therefrom was made (see Matter of Usenza v Swift, 52 AD3d 876 [2008]; Farca v Farca, 271 AD2d 482 [2000]).
Whitford’s objections are thus granted to the extent that the order of support dated April 3, 2009 is hereby converted to temporary order, and the matter is remanded to the Support Magistrate for a de novo support hearing. His remaining objections need not be reached. *