■ MAUREEN F. GUIRY, Respondent, v MICHAEL J. GUIRY, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Felig, J.), dated September 15, 1988, as, upon reargument, adhered to the original determination in an order dated September 1, 1988, which granted the plaintiff wife's application for pendente lite relief to the extent of, *inter alia,* directing the defendant husband to pay to the plaintiff wife 50% of the mortgage on the marital residence, to pay, as temporary child support, $100 per week per child, to contribute equally to the educational expenses of their children, to pay all necessary expenses associated with the parties' Pennsylvania mobile home, and to pay 50% of all presently existing arrears in the payment of the mortgage and utilities for the marital residence.

Ordered that the order dated September 15, 1988, is modified, as a matter of discretion, (1) by reducing the pendente lite child support for the parties' son to $40 per week for the weeks when he is enrolled and actually in residence as a full-time student in a college or university, and not physically residing with the plaintiff at the marital residence, and adding a provision thereto that the defendant shall pay child support of $100 per week for the parties' son only for those weeks when the son is physically residing with the plaintiff at the marital residence attending high school or during academic intercessions and recesses, and (2) by deleting the provision thereof directing the parties to contribute equally to the educational expenses of their children and substituting therefor a provision directing each party to pay, pendente lite, 50% of their daughter's unreimbursed tuition for her post-high school education in excess of $5,000, and 50% of their son's college expenses in excess of $5,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the order dated September 1, 1988, is modified accordingly.

Although the proper remedy to rectify inequities in an order of support pendente lite is a speedy trial, relief may be granted on appeal where justice so dictates *(see, Wesler v Wesler,* 133 AD2d 627; *Hill v Hill,* 121 AD2d 270; *Chachkes v Chachkes,* 107 AD2d 786).

Under the circumstances of this case, we reject the husband's contention that he should be entirely relieved of his obligation to support his daughter, who earns at least $6,500 a year from part-time employment. While the child's resources

are a factor to be considered in determining an application for child support, children should not be forced unwittingly to use their funds or diminish their assets to supply their basic needs, such as shelter, food and clothing (see, *Malamut v Malamut,* 133 AD2d 101). Additionally, a review of the record discloses the existence of special circumstances which authorized the court to direct the parties, who earn substantially the same amount of income, to equally contribute toward their children's educational expenses (cf., *Jackson v Jackson,* 138 AD2d 455). However, the court's directive fails to take cognizance of three undisputed facts: (1) the daughter's part-time employer reimburses her tuition payment for up to six credits per semester, provided she maintains a grade "C" average, (2) the daughter's part-time earnings are adequate to cover any incidental college expenses, such as books, supplies and commuting costs, while she resides in the marital residence with the plaintiff, and (3) the wife, without the husband's consent, gave each child $5,000 from the parties' joint account, creating an available fund which each child can use to defray the cost of tuition for their respective post-high school educations. Consequently, the pendente lite award has been modified to reflect these facts.

Furthermore, at the time of the wife's application for pendente lite relief, the parties' son had been accepted in the freshman class of Scranton University, and would be residing on campus during the 1988-1989 academic school year. Since the ordered support payments required husband to pay half his son's college expenses, the court improvidently exercised its discretion in declining to provide the husband—the noncustodial parent—with either a credit against or a deduction in the amount of his child support obligation payable directly to the wife, reflecting his 50% contribution for room and board during the son's attendance at Scranton University (cf., *Matter of Kirschner v Kirschner,* 119 AD2d 962; *Trentalange v Trentalange,* 96 AD2d 534). Mangano, J. P., Thompson, Kunzeman and Rubin, JJ., concur.