██ BARBARA CHAPIN, Appellant, v GARY R. CHAPIN, Respondent.—Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court did not err in directing that the marital residence be sold immediately and that 60% of the net proceeds be paid to plaintiff and 40% be paid to defendant. In deciding whether to award exclusive use and possession of the marital residence to the custodial parent during the child's minority or to direct its immediate sale, the court properly weighed the need for the custodial parent to remain in it against the financial situation of the parties *(see, Stolow v Stolow,* 149 AD2d 683, 685; *Blackman v Blackman,* 131 AD2d 801, 803-804). Here, given the parties' financial situation, including the fact that the marital residence constitutes the parties' major marital asset, the immediate sale was justified.

Supreme Court did not abuse its discretion in denying plaintiff's application for an award of counsel fees in light of the relative financial circumstances of the parties *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Hackett v Hackett,* 147 AD2d 611, 613).

We modify the judgment of divorce, however, by striking therefrom that part of the decretal paragraph that awarded defendant the sum of $1,500 because of plaintiff's alleged interference with defendant's visitation rights. The record fails to establish that plaintiff's conduct rose to the level of "deliberate frustration", denial, or interference with defendant's visitation rights. Plaintiff's conduct did not warrant the imposition of a monetary sanction pursuant to Domestic Relations Law § 241 *(see, Ginsberg v Ginsberg,* 164 AD2d 906, 908, *lv dismissed* 77 NY2d 873; *Goulet v Goulet,* 125 AD2d 951).

(Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Divorce.) Present—Boomer, J. P., Pine, Boehm, Fallon and Davis, JJ.