■ In the Matter of MARY LOU MACVEAN, Appellant-Respondent, v JAMES MACVEAN, Respondent-Appellant. [611 NYS2d 926] —Mikoll, J. Cross appeals from an order of the Family Court of Saratoga County (James, J.), entered October 6, 1992, which, inter alia, partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify respondent's child support obligation.

Petitioner and respondent were divorced by judgment entered on October 15, 1985 which incorporated but did not merge the parties' stipulation providing that respondent would pay petitioner $700 per month in child support toward the care of the parties' children, Colin and Kathleen, until either child died, married or became emancipated. The stipulation provides that absent the enumerated contingencies, respondent would continue to pay child support until each child reaches 21 years of age. In addition, both parties agreed to contribute to the best of their abilities to the children's

college or higher education. In 1991, petitioner filed two petitions seeking (1) to establish respondent's share for Kathleen's college expenses, and (2) modification of the support paid by respondent to require him to pay for the higher education expenses of both children. Respondent cross-petitioned for enforcement of the support order, alleging that petitioner had failed to contribute toward Kathleen's college expenses. He also cross-petitioned for modification of the support order to permit him to credit $250 of the $700 per month support payment toward Kathleen's college expenses and a like amount for Colin.

A hearing was held before a Hearing Examiner. The Hearing Examiner denied petitioner's request for an increase in child support, finding no credible evidence that the needs of the children were not being met. Respondent's petition for modification of his $700 per month child support obligation was also denied. The Hearing Examiner found that respondent had contributed 67% or more toward Kathleen's college education for the 1990-1991 and 1991-1992 school years. The Hearing Examiner found that petitioner had paid $1,200 toward such expenses, plus $750 she did not receive from respondent and which was deposited in Kathleen's college account. The Hearing Examiner then modified the parties' prior stipulation to the extent of requiring respondent to pay 67% and petitioner to pay 33% of the college expenses of both children.

After respondent filed objections to the Hearing Examiner's decision, Family Court held respondent responsible for 60% of the college expenses of Kathleen and petitioner responsible for 40% of the expenses. In computing these percentages, the court reduced respondent's income by the amount of child support paid to petitioner, $8,400, and increased petitioner's income by $4,200, the amount allocable to Colin, the child at home. The court held that equity dictated that the child support be factored in when considering the ability of the parties to contribute to their children's college education. These cross appeals ensued.

Petitioner seeks to modify respondent's support obligations on the basis that she is unable to meet the financial needs of the children. She also urges that Family Court erred in computing the parties' pro rata share of college expenses for the children. The subject of the stipulation agreed to by the parties was related to the attendance of the children in college. The question here is not whether the parties are responsible for a percentage of college costs but what should

be allocated to each in sharing the expenses between the parties.

Petitioner contends that the guidelines contained in the Child Support Standards Act (Family Ct Act § 413) should be applied in arriving at the percentages for which the parties are responsible. Pursuant to Family Court Act § 413 (1) (c) (7), the determination of educational expenses is a separate item in addition to the basic child support obligation and such expenses are to be determined by the court. Considering all of the circumstances, it is inappropriate to deduct the child support payments from respondent's income and add any portion of those payments to petitioner's income to determine the parties' relative obligations for their children's college education expenses. Although the $8,400 in annual child support paid by respondent is not available to him as a resource from which to pay college expenses, those payments also are not available to petitioner as a resource from which to pay college expenses, for child support is intended to be used for the children's care, maintenance and education (see, Family Ct Act § 413 [1] [b] [2]), but not postsecondary education unless a separate award is made (see, Family Ct Act § 413 [1] [c] [7]). The order should therefore be modified to reinstate the relative percentages determined by the Hearing Examiner as to the parties' respective contributions toward the children's college education.

Petitioner challenges Family Court's assessment of the parties' financial circumstances in arriving at their pro rata share. We find no merit in her claim that the financial contributions of respondent's live-in companion to household expenses be held to be income. The decision to discount this item is supported in the record. The contribution was being used to defray expenses of jointly owned property and respondent listed one half of those expenses on his net worth statement. Nor do we find error in the court's inclusion of petitioner's contribution to a pension plan as income. Likewise, Family Court properly discounted the children's assets in the evaluation insofar as such items were not substantiated in the record. Finally, the court properly took into account the debts incurred by both parties for the education of their children.

Cardona, P. J., Crew III, Casey and Weiss, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by directing the parties to pay college expenses for their children in the manner determined by the Hearing Examiner, and, as so modified, affirmed.