■ In the Matter of CHRISTINE A. HAESSLY, Respondent, v WILLIAM H. HAESSLY, Appellant. [611 NYS2d 928] —Casey, J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered January 11, 1993, which granted petitioner's amended application, in a proceeding pursuant to Family Court Act article 4, to, *inter alia,* modify respondent's child support obligation.

At issue on this appeal is the propriety of Family Court's modification of respondent's child support obligation to include 60% of the college education expenses for one of the parties' two children. We first reject respondent's claim that the order should be reversed because petitioner's application

did not contain a specific request for an award of college education expenses. Respondent failed to make a timely objection and, in any event, based upon a liberal construction of the allegations contained in the petition and amended petition, we conclude that the issue was raised *(see, Matter of Stimpson v Wise,* 197 AD2d 762).

There is merit in respondent's argument that Family Court erred by including certain expenses in the award. Those expenses, totaling $2,000, were paid by petitioner prior to the filing of the petition and, therefore, respondent cannot be held responsible for his share of those expenses *(see,* Family Ct Act § 449; *Matter of Aiken v Aiken,* 115 AD2d 919).

Respondent next contends that he cannot be compelled to pay college education expenses in the absence of an agreement to do so or a finding of special circumstances. Prior to the enactment of the Child Support Standards Act, contained in Family Court Act § 413 and Domestic Relations Law § 240, the courts had held that the provision of a college education to one's minor children was not a necessary expense for which a parent could be obligated in the absence of a voluntary agreement or special circumstances *(see, e.g., Romansoff v Romansoff,* 167 AD2d 527). Family Court Act § 413 (1) (c) (7), however, authorizes an award of college expenses when "the court determines, having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires, that the present or future provision of post-secondary * * * education for the child is appropriate". Case law from this Court after the enactment of the Child Support Standards Act continues to refer to special circumstances in the context of an award for college expenses *(see, Vicinanzo v Vicinanzo,* 193 AD2d 962, 965; *Matter of Rucks v Nugent,* 191 AD2d 786, 787; *see also, Matter of Healey v Healey,* 190 AD2d 965, 968), but the cases should not be read as imposing a greater burden on applicants seeking an award for postsecondary educational expenses than is imposed by the Child Support Standards Act. Rather, recent case law recognizes that special circumstances, which involve "(1) the educational background of the parents, (2) the child's academic ability, and (3) the parent's financial ability to provide the necessary funds" *(Romansoff v Romansoff, supra,* at 527), continue to be relevant factors in applying the standard set forth by the Legislature in the Child Support Standards Act for determining whether an award for college expenses is appropriate.

Turning to the question of whether the circumstances of this case make such an award appropriate, Family Court found that the child had proven his academic ability, that both parties had some postsecondary education and thought college was important, and that respondent had the financial ability to contribute to his son's college expenses. Considering the deference accorded to the findings of Family Court *(see, Litchfield v Litchfield,* 195 AD2d 747, 750), and based upon a review of the record, we conclude that the findings are supported by the evidence, despite respondent's claims to the contrary. We also find support in the record for Family Court's conclusion that the college expenses should be allocated 60% to respondent and 40% to petitioner. Consideration of all the relevant facts and circumstances reveals no basis to disturb the award of college expenses incurred after the filing of the petition.

Respondent also contends that inasmuch as the college expenses include room and board, his payment of both child support and a portion of the college expenses is duplicative. Respondent attempts to equate his situation to cases where, in addition to basic child support, a separate award was made for the mortgage payments on the home occupied by the custodial parent and children. We have held that such a separate award for the mortgage payments is improper because the shelter encompassed by the mortgage is inherent in the basic child support obligation *(see, e.g., Chasin v Chasin,* 182 AD2d 862, 863). The same is not true of college expenses. Although there is some duplication of shelter and food, the custodial parent, as in petitioner's case, continues to maintain the family home, feeds the student when he is home from school on weekends, vacations and summer recess, and continues to provide other necessities such as clothing. Although the courts have recognized that the inclusion of room and board in college expenses can justify an adjustment in the child support or credit for a portion of the child support against the college expense award *(see, Guiry v Guiry,* 159 AD2d 556, 557; *see also, Matter of Healey v Healey,* 190 AD2d 965, 966-967, *supra),* such an adjustment or credit is not mandatory, but depends upon the facts and circumstances of the particular case *(see, Matter of MacVean v MacVean,* 203 AD2d 661 [decided herewith]). Considering the circumstances of this case, and in view of the large amount of financial aid being received by the parties' son, we conclude that no adjustment or credit is necessary in this

case. Respondent's remaining claims have been examined and found to lack merit.

Cardona, P. J., White and Weiss, JJ., concur. Ordered that the order is modified, on the law, without costs, by providing respondent a credit in the amount of $1,200, and, as so modified, affirmed.