■ DOMINICK TASSONE, JR., Respondent, v SUSAN L. TASSONE, Appellant. [619 NYS2d 357] —White, J. Appeal from an

order of the Supreme Court (Tait, Jr., J.), entered November 5, 1993 in Madison County, which denied defendant's motion for pendente lite relief.

Plaintiff and defendant were married in 1990, and in 1993 plaintiff commenced this action for divorce based on alleged cruel and inhuman treatment. This was a second marriage for both parties and there are no children. Defendant denied the allegations in the complaint and made a pendente lite motion for, *inter alia,* spousal maintenance. Supreme Court denied the motion, finding that defendant's financial needs were being met by plaintiff, and directed plaintiff to continue making said maintenance payments to defendant. Defendant then brought a second motion asking for expert's fees, totaling $28,000, to enable her to pay her attorneys and to hire an accountant and real estate appraiser to assess the value of plaintiff's assets and to determine what, if any, appreciation is attributable to defendant's efforts during the marriage. Supreme Court denied the motion. It is from the denial of the second motion that defendant appeals.

Although a court may order one spouse to pay for fees necessary for expert services, such award should not be granted routinely but should be based on sound judicial discretion after weighing factors such as the type of property involved, the difficulty in evaluating the property and the parties' financial status *(see, Marr v Marr,* 181 AD2d 974; *Dzembo v Dzembo,* 160 AD2d 1144).

In the instant case, plaintiff is a successful restauranteur with numerous real estate holdings and a substantial net worth, and although defendant has significantly less resources, she has a full-time job and certain tangible assets, while her basic needs are being met by plaintiff's court-ordered payments. Plaintiff provided a comprehensive and detailed financial statement and Supreme Court, after making a thorough review of the financial status of both parties, determined that defendant had sufficient means to cover the costs requested in her motion. Further, as noted by Supreme Court, any inequities can be ameliorated by the court after the trial of this action and a suitable award of counsel fees and other expenses may be made to defendant at that time *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Reehill v Reehill,* 181 AD2d 725).

Therefore, based on the record before us, we cannot say that Supreme Court improvidently exercised its discretion in denying defendant's motion *(see, Chapin v Chapin,* 184 AD2d 1082).

Cardona, P. J., Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.