[621 NYS2d 411]

In the Matter of KAREN S. COHEN, Respondent, v STANLEY F. ROSEN, Appellant.

Third Department, January 19, 1995

156

### APPEARANCES OF COUNSEL

*Frost & Donohue,* Troy *(David J. Kavanaugh* of counsel), for appellant.

*McNamee, Lochner, Titus & Williams,* Albany *(Bruce J. Wagner* of counsel), for respondent.

### OPINION OF THE COURT

CARDONA, P. J.

The parties were married in 1971 and have two children, Andrea, born in 1974, and Robert, born in 1977. The parties separated pursuant to a written separation agreement dated February 7, 1983. The agreement provided, *inter alia,* that respondent would waive his rights to the equity in the marital residence and its furnishings in consideration for petitioner's waiver of maintenance and child support arrearages owed by respondent under a prior court order and for reduced child support payments of $25 per week per child. The agreement contained no provisions for the children's postsecondary education. The agreement was later incorporated, but not merged, into the judgment of divorce entered on February 14, 1983.

In April 1992, petitioner filed a petition seeking to modify the judgment of divorce to establish respondent's share for Andrea's college expenses. A hearing was held before a Hearing Examiner. Evidence established that respondent's waiver of his equitable share in the marital residence resulted in net proceeds of $100,000 to petitioner when the residence was sold, which was reinvested in a marital home with her new husband. Petitioner acknowledged that this sum remained as her minimum equity in her present household against which she had established a $50,000 line of credit which was available to her to help finance Andrea's college expenses. This asset, petitioner's salary and the reasonable cost of Andrea's tuition at a State university resulted in a finding that there was insufficient evidence of an unforeseen change in circumstances and a concomitant showing of need *(see, Matter of*

*Boden v Boden,* 42 NY2d 210, 213) for an award for college expenses. The Hearing Examiner dismissed the petition. Family Court reinstated the petition and, after two additional rounds of hearings, objections, and remands, ultimately concluded that special circumstances warranted an award of college expenses; that the award represented an obligation which was additional to respondent's support obligation; and that application of the Child Support Standards Act (Family Ct Act § 413) required respondent to pay 66% of Andrea's college expenses. Respondent appeals.

Respondent contends that Andrea's education expenses are an element of the general child support obligation encompassed by the parties' separation agreement and that petitioner has failed to prove that an upward modification of their previously agreed child support provision is warranted under the now familiar *Boden (Matter of Boden v Boden,* 42 NY2d 210, *supra)* or *Brescia (Matter of Brescia v Fitts,* 56 NY2d 132) standards. We disagree with respondent's underlying supposition that college expenses are necessarily, in respondent's words, "subsumed under the general obligations of support, just as the cost of shelter, food, clothing, etc.", and the conclusion that the *Boden-Brescia* standards control.

Acknowledging that child support payments are not usually available to a custodial parent as a resource from which to pay college expenses because they are intended to be used for the children's day-to-day expenses, we have held that the determination of postsecondary education expenses is a separate item in addition to the basic child support obligation and that such expenses are to be determined by the court *(see, Matter of MacVean v MacVean,* 203 AD2d 661, 663) when appropriate, "having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires" (Family Ct Act § 413 [1] [c] [7]; *accord, Matter of Haessly v Haessly,* 203 AD2d 700, 701). In applying this statutory standard, the court must, of course, continue to consider all three of the special circumstances* in determining whether to make an award of college expenses *(Matter of Haessly v Haessly, supra,* at 701). Because petitioner is not seeking an upward modification in the basic child support obligation established in a survival separation agree-

---

* These circumstances are: "(1) the educational background of the parents, (2) the child's academic ability, and (3) the parent's financial ability to provide the necessary funds" *(Romansoff v Romansoff,* 167 AD2d 527; *accord, Matter of Haessly v Haessly, supra,* at 701).

ment or seeking to modify a specific provision in an agreement for an amount which the parties felt was adequate to cover postsecondary education expenses *(see, Matter of Boden v Boden, supra,* at 213), neither of the tests enunciated in *Boden* (that an unanticipated or unreasonable change in circumstances has occurred) or *Brescia* (that the custodial parent is unable to meet the needs of or provide adequate support for the child) *(see generally, Matter of DeAngelo v Doherty,* 208 AD2d 1012, 1013) must be satisfied to establish respondent's share of these expenses under the Child Support Standards Act. Simply, the operative consideration for our finding that neither *Boden* nor *Brescia* applies in this case is the fact that the agreement is silent on the issue of postsecondary education expenses which are not part of the basic child support obligation.

Under the circumstances of this case, we find no basis in the record for disturbing Family Court's determination to award college expenses or its apportionment of those expenses based on the application of the formula set forth in the Child Support Standards Act. We must, however, modify Family Court's determination only to the extent of directing that respondent's contributions to Andrea's college expenses terminate as of her 21st birthday *(see, Cortese v Redmond,* 199 AD2d 785; *Vicinanzo v Vicinanzo,* 193 AD2d 962).

CREW III, CASEY, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the order is modified, on the law, without costs, by directing that respondent's contributions to Andrea's college expenses terminate as of her 21st birthday, and, as so modified, affirmed.