■ CAROL PARO, Respondent, v JOHN PARO, Appellant. [627 NYS2d 465] —White, J. Appeal from an order of the Supreme Court (Dier, J.), entered December 27, 1993 in Washington County, which partially denied defendant's motion for reimbursement of college expenses for the parties' son.

The parties were divorced in November 1987 and a portion of a stipulation entered into between them, which was incorporated but not merged in the decree, provided that in the event the parties' son, then age 12, attended college, the parties would share equally in his college expenses "subject however, to their respective financial circumstances, which may then and there exist".

In the fall of 1993, the son began attending Northeastern University where the costs of room, board and tuition for the 1993-1994 school year totaled a little over $19,000. As a result of grants, loans and work-study, the uncovered college expenses were approximately $10,300.

Defendant, the custodial parent, moved to enforce the judgment of divorce, contending that plaintiff is required to pay one half of their son's college expenses pursuant to the aforementioned stipulation. Supreme Court directed that plaintiff pay $2,000 as her share of the college expenses for the 1993-1994 school year and also ordered that for 1994-1995 and subsequent years while her son attends undergraduate studies, plaintiff should pay $2,000 annually as her share of said college expenses.

From the record it appears that plaintiff is paying $60 per week child support to defendant for their son and that plaintiff has a gross income of approximately $36,000, while defendant's income is $33,000. In addition, both parties are married to working spouses and the record shows plaintiff's household income to be slightly greater than defendant's.

Since the parties' financial situations are approximately equal, the question distills to whether plaintiff's child support payments of $3,120 per year should be considered in determining whether plaintiff is meeting her obligation to contribute one half of the college expenses, since said support payments when added to the court-ordered payment of $2,000 would comprise approximately one half of the uncovered college expenses.

Although the courts have recognized that inclusion of room and board for college expenses can justify a credit for a portion of child support against a college expense award *(see, Matter of Haessly v Haessly,* 203 AD2d 700), such a credit is not mandatory but depends upon the facts and circumstances in the particular case, taking into account the needs of the custodial parent to maintain a household and provide certain necessaries *(see, Matter of MacVean v MacVean,* 203 AD2d 661; *Guiry v Guiry,* 159 AD2d 556; *Matter of Kirschner v Kirschner,* 119 AD2d 962).

Based upon the facts presented, we find that it was improper to credit the entire amount of child support toward plaintiff's share of college expenses. Since the record is sufficiently developed to resolve this matter, and as we are vested with the same power as Supreme Court *(see, O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169, 171), we will exercise our inherent discretion in the interest of judicial economy and modify Supreme Court's order by directing that two thirds of the child support payments, i.e., $40 per week or $2,080 per year, be credited to plaintiff's share of said educational expenses and direct that the payments ordered by Supreme Court be increased to $3,100 per year, which will equalize the parties' share of said college expenses.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by directing that plaintiff pay defendant $3,100 annually as her share of the undergraduate college expenses of the parties' son, and, as so modified, affirmed.