■ In the Matter of MARGARET PAUL, Respondent, v GREGORY J. RODEMS, Appellant. [641 NYS2d 923] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this proceeding brought by petitioner to determine and enforce respondent's child support obligation under a separation agreement, respondent appeals from an order of Family Court denying his objections to the order of the Hearing Examiner. The Hearing Examiner ordered respondent to pay child support of $212 per week retroactive to July 10, 1993, and $1,500 toward petitioner's attorney's fees.

On appeal, respondent contends that the Hearing Examiner erred by including in respondent's "gross income" certain fringe benefits: employer-provided medical, dental, disability, and life insurance premiums and tickets to sporting events. Respondent also contends that the Hearing Examiner erred in failing to impute an income to petitioner for the purpose of allocating responsibility for future uninsured medical expenses. Finally, respondent contends that the Hearing Examiner erred

in ordering him to pay $1,500 toward petitioner's attorney's fees.

The parties' separation agreement provides that, upon the termination of maintenance as a result of petitioner's remarriage, respondent's child support obligation "shall be increased to seventeen percent (17%) of the husband's then gross income less FICA, in accordance with the guidelines set forth in Domestic Relations Law § 240, or as otherwise provided by law, and shall be modified thereafter pursuant to Domestic Relations Law § 240." In July 1993 petitioner remarried, thereby terminating maintenance and triggering the recalculation of child support in accordance with the agreement. Following the hearing, the Hearing Examiner concluded that health, life, and disability insurance premiums paid by respondent's employer, as well as the employer-provided tickets to sporting events used by respondent for business purposes, were properly included in respondent's "gross income." That was error.

Under the statute, which is incorporated by reference into the separation agreement, "gross income" is a component of "income" (*see*, Domestic Relations Law § 240 [1-b] [b] [5]; *Matter of Graby v Graby*, 87 NY2d 605). Pursuant to Domestic Relations Law § 240 (1-b) (b) (5) (iv) (B), (C), "fringe benefits" and "perquisites" might be includable in "income" but are defined as categories distinct from "gross income" (*see*, Domestic Relations Law § 240 [1-b] [b] [5] [i]; *Matter of Graby v Graby, supra*). Thus, the Hearing Examiner erred in interpreting the separation agreement to include the employer-paid health, life, and disability insurance premiums, as well as the de minimis value of tickets to sporting events, in respondent's "gross income" (*see also*, 26 USC § 79 [a] [1]; §§ 106, 125, 132). We note, however, that nothing in the statute or agreement prohibits the Hearing Examiner from relying on the most current information, including partial information from a tax year not yet completed. We thus reject respondent's contention that the Hearing Examiner erred in using 1993 income figures rather than figures from respondent's 1992 W-2 form.

Respondent's child support obligation must be recalculated. Under the terms of the separation agreement and the particular provisions of the Child Support Standards Act incorporated therein, respondent's child support obligation is 17% of his "gross income less FICA." Respondent stipulated that his "gross income", the amount reportable for Federal income tax purposes, was $62,732 for 1993. Less FICA (capped at $4,600), his income for child support purposes is $58,132. Multiplying that figure by .17, respondent's child support obligation is $9,882 per year, or $190 per week retroactive to July 10, 1993.

The Hearing Examiner erred in failing to rule on respondent's request to allocate responsibility for future uninsured medical expenses. According to the separation agreement and Domestic Relations Law § 240 (1-b) (c) (5), the responsibility of the parents for such expenses should be prorated in accordance with their respective incomes. Respondent is therefore directed to pay petitioner 100% of any future uninsured medical expenses of the child. Respondent's challenge to the award of attorney's fees is without merit.

Therefore, we modify the order of Family Court by sustaining in part respondent's objections to the order of the Hearing Examiner, vacating that part of the order of the Hearing Examiner that continued the judgment of support filed July 1, 1993, providing that respondent's child support obligation is $190 per week retroactive to July 10, 1993, and directing respondent to pay petitioner 100% of any future uninsured medical expenses of the child. (Appeal from Order of Erie County Family Court, Dillon, J.—Child Support.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.