■ FRANCINE L. BURNS, Respondent-Appellant, v EDWARD J. BURNS, Appellant-Respondent. [649 NYS2d 602] —Order affirmed without costs. Memorandum: The parties were divorced in August 1991. The judgment directed, *inter alia,* that defendant pay child support of $620 per week for the support of the par-

ties' son Christopher. The judgment further directed defendant to pay "the costs of the post-secondary education of * * * Christopher * * * subject to any claims by the defendant for reduction in child support as ordered by this Court".

In the fall of 1994, Christopher entered the University of Rochester and defendant moved for an order giving him a credit against his child support obligation for the amount he paid to the University of Rochester for Christopher's room and board. Supreme Court denied that motion.

It is well established that, "[a]lthough the courts have recognized that inclusion of room and board for college expenses can justify a credit for a portion of child support against a college expense award * * * such a credit is not mandatory but depends upon the facts and circumstances in the particular case, taking into account the needs of the custodial parent to maintain a household and provide certain necessaries" (*Paro v Paro*, 215 AD2d 965, 966; *see also, Matter of Haessly v Haessly*, 203 AD2d 700, 701).

In the present case, the record shows that plaintiff, the custodial parent, continues to maintain the family home; that, although Christopher resides on campus in his dormitory room during the weekdays, he returns home on weekends; that, after early December 1994, the funds on Christopher's dining plan card were exhausted and plaintiff provided or purchased all food for Christopher for the remainder of the school year; and that plaintiff paid for numerous day-to-day purchases at the campus book and computer stores after the funds provided by defendant were exhausted in early December 1994. Thus, under the circumstances of this case, it cannot be said that the court erred in denying defendant a credit for the amount he paid to the University of Rochester for Christopher's room and board.

The court did not abuse its discretion in reserving, until the time of trial, on plaintiff's cross motion for an award of expert fees to evaluate defendant's law partnership interest (*see generally, Tassone v Tassone*, 209 AD2d 859, 860). Lastly, we reject both parties' contentions that the court erred in its direction regarding the repayment of funds to defendant's pension plan.

All concur except Balio, J., who dissents in part and votes to modify in the following Memorandum.

Balio, J. (dissenting in part). It is undisputed that defendant paid the room and board charges during the 1993-1994 college year of his son's attendance at the University of Rochester. Defendant also paid $620 per week for the support of his son, which sum included the room and board expenses of residing

at plaintiff's residence during that same time. The judgment of divorce directs defendant to pay college education costs, "subject to any claims by the defendant for reduction in child support as ordered by this Court", thus contemplating that, if the son decided to reside on campus, the payment of college expenses would constitute a duplicate payment of support costs and would warrant a reduction in the amount of support payments.

Whether the amount of child support should be reduced is within Supreme Court's discretion (see, Paro v Paro, 215 AD2d 965, 966). In the circumstances of this case, however, I conclude that the refusal to reduce child support in any amount constitutes an improvident exercise of discretion (see, Reinisch v Reinisch, 226 AD2d 615; Guiry v Guiry, 159 AD2d 556). Although plaintiff maintained her residence in part to provide a home for her son on weekends and during college vacations, defendant, in addition to paying child support, pays maintenance in the sum of $500 per week. The award of maintenance necessarily includes consideration of the expense of maintaining a residence throughout the year. Supreme Court's determination and the majority's affirmance in effect require defendant to make a triplicate payment. Based upon the need for plaintiff to incur expenses for insurance and incidental expenses for her son's car, for clothing, and for food while her son is home on weekends, I would modify the order to direct that the amount of child support be reduced to $320 per week for each week, or part thereof, that the son attends college. (Appeals from Order of Supreme Court, Monroe County, Sirkin, J.—Child Support.) Present—Pine, J. P., Lawton, Fallon, Balio and Davis, JJ.