■ In the Matter of MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of NEREIDA MERCADO, Respondent, v JOSE MERCADO, Appellant. [661 NYS2d 323] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Family Court properly granted the objections of petitioner to the order of the Hearing Examiner awarding child support. The record, however, does not support the court's child support award in the amount of $96 per week for respondent's two minor children. The Child Support Standards Act (CSSA) (Family Ct Act § 413 [1] [b] [5] [i]; Domestic Relations Law § 240 [1-b] [b] [5] [i]) provides that the relevant income figure is "gross (total) income as should have been or should be reported in the most recent federal income tax return." Nothing in the statute prohibits reliance upon partial information from a tax year not yet completed (see, Matter of Paul v Rodems, 226 AD2d 1047, 1048).

There is nothing in the record to support the finding that respondent was earning $418 per week at his current employment. The documentary evidence (a pay stub) indicates a gross pay of $648 biweekly or $324 per week. Utilizing that figure, we conclude that respondent's child support obligation under the statutory CSSA formula is $75 per week.

Therefore, we modify the order by setting respondent's child

support obligation in the amount of $63 per week for the period from December 7, 1995 to February 18, 1996, and in the amount of $75 per week from February 19, 1996, with any overpayments under the current order to be credited to any arrears or, if there are no arrears, to be refunded to respondent. (Appeal from Order of Monroe County Family Court, Taddeo, J.—Support.) Present—Pine, J. P., Lawton, Callahan, Boehm and Fallon, JJ.