■ In the Matter of PAMELA A. HOUCK, Appellant, v BARRY L. HOUCK, SR., Respondent. [667 NYS2d 824] —Carpinello, J. Appeal from an order of the Family Court of Chemung County (O'Shea, J.), entered January 6, 1997, which, in a proceeding pursuant to Family Court Act article 4, modified respondent's child support obligation.

In September 1996, the eldest of the parties' two sons began attending State University College at Cortland. Petitioner com-

menced this proceeding seeking an order directing respondent to contribute to the son's college expenses and to pay child support in accordance with the Child Support Standards Act. Following a fact-finding hearing, respondent's child support obligation was calculated by the Hearing Examiner to be $167 per week for the time periods when his son was away at school and $245.59 per week when he was at home. Respondent was also ordered to pay 75% of the college expenses, including tuition, room and board, necessary college fees and required books. Family Court affirmed the Hearing Examiner's decision prompting this appeal by petitioner.

We affirm. Pursuant to a June 1993 order of filiation and support in Steuben County, respondent is obligated to pay $5,805 annually "as child support" for a child who is not subject to the instant proceeding. Contrary to petitioner's contentions, the record contains verification of this court-ordered obligation (*cf., Matter of Barber v Cahill*, 240 AD2d 887, 889). Respondent testified that he was obligated to pay it and, upon request from the Hearing Examiner, produced a copy of the order which is contained in the record before this Court. Accordingly, Family Court did not err in reducing respondent's income by $5,805 pursuant to Family Court Act § 413 (1) (b) (5) (vii) (D).

Nor did Family Court err in reducing respondent's support obligation during those time periods when his son was away from home attending college (*cf., Matter of Hartle v Cobane*, 228 AD2d 756). A court is entitled, depending on the particular facts and circumstances of a case, to make an adjustment in child support where the noncustodial parent contributes to college expenses and said expenses include room and board (*see, Paro v Paro*, 215 AD2d 965, 966; *Matter of Haessly v Haessly*, 203 AD2d 700, 702). Upon our consideration of the circumstances of this case, and in view of the significant pro rata share of colleges expenses for which respondent is responsible, the adjustment in child support was appropriate (*see, Litwack v Litwack*, 237 AD2d 580, 581-582).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.