■ In the Matter of JANET M. KAY, Appellant, v GARRET R. CAMERON, Respondent. (Appeal No. 1.) [704 NYS2d 769] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Petitioner appeals from two Family Court orders, both dated December 2, 1998. The order in appeal No. 1 modifies a 1997 post-divorce order of Family Court by directing respondent to pay petitioner $125 per week as support for the parties' two sons. The order in appeal No. 2 directs respondent to reimburse petitioner $1,448.75 toward her expenditures for premiums incurred for health insurance covering the parties' sons from August 31, 1994 to June 30, 1996. Regarding the order in appeal No. 1, petitioner contends that the court erred in calculating the gross income of respondent based upon his 1997 income rather than his income at the time of trial, and in reducing respondent's share of the basic child support obligation under the Child Support Standards Act on the ground that respondent incurs extraordinary expenses in exercising visitation (see, Family Ct Act § 413 [1] [f] [9] [i]). We reject petitioner's contention that the court improperly determined respondent's gross income. Here, unlike in Matter of Paul v Rodems (226 AD2d 1047, 1048), the parties did not stipulate to a precise "gross income" for the current year. Moreover, because Family Court Act § 413 (1) (b) (5) (i) defines gross income as including "gross (total) income as should have been or should be reported in the most recent federal income tax return", the court properly used the 1997 income of respondent in calculating his child support obligation.

We agree with petitioner, however, that the court erred in reducing respondent's basic child support obligation from $178.38 per week to $125 per week based on extraordinary visitation expenses. While a court may conclude that the noncustodial parent's share of the basic support obligation is unjust or inappropriate and reduce the amount ordered based upon extraordinary visitation expenses (*see, Matter of Jones v Reese*, 227 AD2d 783, 785, *lv denied* 88 NY2d 810), such a conclusion must be based upon factual findings supported by the record (*see, e.g., Matter of Copeland v Evans*, 181 AD2d 1062, 1063). Here, the record contains no evidence of the amounts expended by respondent in the exercise of visitation, and the court thus lacked any evidentiary basis upon which to reduce his support obligation. We modify the order in appeal No. 1, therefore, by fixing the amount of respondent's weekly child support obligation at $178.38.

Regarding the order reimbursing petitioner for expenditures for premiums for health insurance covering the children, petitioner contends that the court erred in failing to reimburse her for all such expenses incurred between 1992 and 1998, and in denying her request for counsel fees. The 1988 Supreme Court order provided that respondent was to procure health insurance covering the children, and that, until such coverage was provided, respondent was to reimburse petitioner for her expense in acquiring health insurance coverage at the rate of $15.25 per week. Because the specified amount was never modified, the court properly calculated respondent's reimbursement obligation at $15.25 per week.

The court erred, however, in denying petitioner reimbursement for premiums paid from June 30, 1996 to May 31, 1998 on the ground that petitioner could have procured health insurance for the parties' children under her husband's group health insurance policy at nominal cost. Petitioner testified that she based her decision not to change policies on the one-year exclusion of coverage for a preexisting condition in her husband's group policy, the availability of prescription coverage in her policy and lack thereof under her husband's policy, and upon the fact that her policy provided greater coverage and had a lower deductible than that of her husband. Petitioner thus made a reasoned choice in continuing to maintain her existing policy, and she is entitled to reimbursement under the terms of the 1988 Supreme Court order in the additional sum of $1,525, for a total award of $2,973.75. Finally, the court did not abuse its discretion in denying petitioner's request for counsel fees (*see,* Family Ct Act § 438 [a]; *DeCabrera v Cabrera-*

*Rosete*, 70 NY2d 879, 881; *Kamerman v Kamerman*, 269 AD2d 165; *Panek v Panek*, 231 AD2d 959). We modify the order in appeal No. 2, therefore, by awarding petitioner $2,973.75 as reimbursement for health insurance premiums. (Appeal from Order of Erie County Family Court, Figliola, J.H.O.—Support.) Present—Hayes, J. P., Hurlbutt, Scudder and Kehoe, JJ.