■ In the Matter of PATRICIA M. CRIPPEN, Appellant-Respondent, v PAUL F. BENDER, Respondent-Appellant. [741 NYS2d 800] —Appeal and cross appeal from an order of Family Court, Ontario County (Doran, J.), entered July 7, 2000, which, inter alia, granted respondent's second and third objections to the Hearing Examiner's order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying respondent's second objection to the Hearing Examiner's order and reinstating the Hearing Examiner's order to that extent and as modified the order is affirmed without costs.

Memorandum: Petitioner mother appeals and respondent father cross-appeals from an order of Family Court granting respondent's second and third objections to the Hearing Examiner's order. The Hearing Examiner determined in relevant part that the parties were each responsible for 50% of their son's college expenses pursuant to their separation agreement, after deducting $20,000 contributed directly by their son from an investment account and $5,500 received by their son for a scholarship and grant. Upon review of the objections filed by respondent, the court modified the order of the Hearing Examiner by providing that respondent was entitled to a credit toward his share of the college expenses in the amount of 50% of his annual child support payments and an additional offset to the parties for a "Stafford Loan" "available" to the parties' son. Contrary to petitioner's contention, the court did not abuse its discretion in determining that respondent was entitled to a credit for his child support payments. Based upon recommendations from their son's doctors, the parties anticipated that their son would attend school year-round, to accommodate his attention deficit disorder and learning disability, and thus the credit for a portion of respondent's child support payments was proper (*see Paro v Paro*, 215 AD2d 965, 966; *cf. Burns v Burns*, 233

AD2d 852, 853, *lv denied* 89 NY2d 810). We agree with petitioner, however, that the court erred in determining that respondent was entitled to an offset for the "Stafford Loan" where, as here, there was insufficient evidence that the parties' son had received such a loan. We therefore modify the order by denying respondent's second objection to the Hearing Examiner's order and reinstating the Hearing Examiner's order to that extent. We have considered the parties' remaining contentions and conclude that they are without merit. Present—Pine, J.P., Hayes, Hurlbutt, Burns and Lawton, JJ.