■ In the Matter of CLAUDIA A. KELLOGG, Appellant, v GREGORY L. KELLOGG, Respondent. [752 NYS2d 462] —Appeal from an order of Family Court, Steuben County (Latham, J.), entered May 4, 2001, which, upon objections filed by respondent, modified the order of the Hearing Examiner.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: In this support proceeding pursuant to article 4 of the Family Ct Act, petitioner appeals from an order of Family Court that, upon objections filed by respondent, modified the order of the Hearing Examiner. Contrary to petitioner's contention, the court was empowered to make its own findings of fact (*see* Family Ct Act § 439 [e] [ii]; *Matter of Eberhard v Brechue*, 269 AD2d 852, 853; *Matter of Hughes v Wasik*, 224 AD2d 982) and to use current income figures for a tax year not completed to determine respondent's child support obligation (*see Matter of Monroe County Dept. of Social Servs. v Mercado*, 241 AD2d 948; *Matter of Paul v Rodems*, 226 AD2d 1047, 1048). We conclude that the record supports the court's determination that the income of respondent in the year 2001 would be less than his income in the year 2000. As the dissent notes, the court relied in part upon a letter written by respondent's supervisor indicating that respondent had worked 800 hours of overtime in the year 2000 because of "unique circumstances." (At 998.) The letter was obtained by respondent at the request of the Hearing Examiner and was received in evidence without objection by petitioner. In testifying before the Hearing Examiner, respondent explained what those "unique circumstances" were and provided the basis for determining his "normal" overtime. Contrary to the conclusion of the dissent, the court properly relied in part upon the letter in determining respondent's income for the year 2001. "Evidence, though not competent, received without objection may be relied upon to

establish a fact in controversy" (*Ford v Snook*, 205 App Div 194, 198, *affd* 240 NY 624; *see Matter of MacDonald*, 40 NY2d 995, 996, *rearg dismissed* 42 NY2d 1102; *Matter of Findlay*, 253 NY 1, 11; *Brooklyn Union Gas Co. v Arrao*, 100 AD2d 949).

We further conclude that the court did not abuse its discretion in ordering respondent to pay his pro rata share of the college expenses of the parties' daughter and in determining that he is entitled to a credit for the child support paid during the period that the daughter is away at college (*see Matter of Crippen v Bender*, 294 AD2d 890; *Matter of Houck v Houck*, 246 AD2d 905, 906). Although the dissent concludes that the court acted arbitrarily in determining the amount of the credit and in granting respondent the credit against the college expenses rather than against his child support obligation, that issue was not raised on appeal. Furthermore, although the dissent further concludes that the court erred in granting respondent a credit for the entire fall 2000 semester, it granted that credit only because it ordered respondent to share in the college expenses for that semester.

All concur except Kehoe, J., who dissents and votes to reverse in the following memorandum.

Kehoe, J. (dissenting). I respectfully dissent and would reverse the order of Family Court, deny respondent's objections to the order of the Hearing Examiner, and reinstate that order in its entirety. The Child Support Standards Act (CSSA) provides that a parent's obligation to pay child support shall be based upon the parental income "as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413 [1] [b] [5] [i]; *see Matter of Kay v Cameron*, 270 AD2d 939; *Matter of Monroe County Dept. of Social Servs. v Mercado*, 241 AD2d 948; *Matter of Niagara County Dept. of Social Servs. v C.B.* [appeal No. 3], 234 AD2d 897, 900). "Although '[n]othing in the statute prohibits reliance upon partial information from a tax year not yet completed' " (*Winnert-Marzinek v Winnert*, 291 AD2d 921, 922; *see Mercado*, 241 AD2d at 948; *Matter of Paul v Rodems*, 226 AD2d 1047, 1048), here the court lacked any evidentiary basis for extrapolating respondent's income for the uncompleted 2001 tax reporting year (*see C.B.*, 234 AD2d at 900). The support proceeding conducted before the Hearing Examiner took place only a few weeks into the year 2001, and the record contains no information concerning respondent's actual income during those weeks. Indeed, the most recent information before the Hearing Examiner consisted of respondent's pay stub for the period ending November 25, 2000. That pay stub set forth a year-to-

date income of $35,902.37, a figure that the Hearing Examiner reasonably relied upon in determining respondent's annual income for the year 2000. The only other documentation submitted by respondent consisted of unsigned copies of tax returns for the year 1999 and a financial affidavit that, although dated December 7, 2000, understated by nearly one half respondent's actual income for that year.

In disregarding respondent's income for the year 2000, the court relied on a December 27, 2000 letter of respondent's supervisor. That letter indicated that respondent had worked 800 hours of overtime in the year 2000 because of "unique circumstances." The letter further indicated that those circumstances had "changed" and that the supervisor did "not foresee the opportunity for [respondent] to work this amount of overtime in the next year." Although, as the majority notes, petitioner failed to object to the letter as inadmissible hearsay, the Hearing Examiner nevertheless properly disregarded the letter because it was not competent evidence and was speculative, and further because it failed to quantify how much overtime respondent was expected to work in the year 2001. The court thus erred in according the letter any evidentiary worth and in relying on its vague assertions as a basis for extrapolating respondent's 2001 (i.e., almost entirely future) income. Moreover, the court erred in calculating respondent's income for CSSA purposes based on a barely begun tax-reporting year for which it lacked any reliable information.

In addition, the Hearing Examiner properly exercised her discretion in declining to grant respondent a credit against his child support obligation based on his mandated contributions toward the child's college expenses (*see generally Burns v Burns,* 233 AD2d 852, 853, *lv denied* 89 NY2d 810; *Paro v Paro,* 215 AD2d 965, 966). In contrast, the court erred in granting respondent "a credit toward tuition equal to [one third] of" his past child support payments. The court acted arbitrarily in granting respondent a credit against his contributions toward the college expenses for one third of his basic child support obligation, with express reference to "tuition" costs and without any apparent consideration of what proportion of the overall college expenses relates to room and board. Moreover, if a credit is to be given, it should be against the child support obligation and for contributions toward the college expenses, not vice versa (*see Rohrs v Rohrs,* 297 AD2d 317, 318; *Reinisch v Reinisch,* 226 AD2d 615, 616; *Guiry v Guiry,* 159 AD2d 556, 557), and should reflect only those college expenses, such as room and board, that duplicate child support payments (*see*

*Rohrs,* 297 AD2d at 318; *Matter of Houck v Houck,* 246 AD2d 905, 906; *Guiry,* 159 AD2d at 557). In my view, a credit against child support for such room and board expenses is not automatically warranted and should be the exception rather than the rule (*see generally Finkelstein v Finkelstein,* 268 AD2d 273, 275, *lv denied* 96 NY2d 703; *Matter of Bode v Bode,* 254 AD2d 355, 355-356; *Burns,* 233 AD2d at 853; *Matter of Haessly v Haessly,* 203 AD2d 700, 702-703). That is because the custodial parent's expenses of maintaining a home for the child are largely fixed and thus not necessarily reduced while the child is away at college, certainly not to the extent of the child's room and board expenses (or even the obligor's prorated contributions thereto) (*see generally Fendsack v Fendsack,* 290 AD2d 682, 683; *Haessly,* 203 AD2d at 702; *see also Burns,* 233 AD2d at 853). The majority in *Burns* (233 AD2d at 853) determined that conferring credit for contributions for college expenses " 'depends upon the facts and circumstances in the particular case, taking into account the needs of the custodial parent to maintain a household and provide certain necessaries' (*Paro v Paro,* 215 AD2d 965, 966)," and it apparently rejected the dissent's conclusion that contributions toward the student's room and board necessarily duplicate child support. Indeed, the decision in *Burns* reflects this Court's reasoning that college expenses represent an additional or increased expense to the household and, as such, may require an increment, not an offset, to child support. *Matter of Crippen v Bender* (294 AD2d 890), the case relied upon by the majority, involved a child who attended school year-round, and thus is distinguishable from this case.

Further, in granting respondent a credit for child support and against his contributions toward the college expenses for the entire fall 2000 semester, the court in effect granted respondent a retroactive reduction of his child support obligation, which respondent never sought (*see Matter of Kurzon v Kurzon,* 246 AD2d 693, 694-695), and which in any event should not have been granted with respect to any period prior to the filing of the petition. As the Court of Appeals has noted in an analogous situation, " '[i]f a party obligated to pay child support wishes to avoid making payment * * * that party must make an affirmative request for relief' " (*Matter of Dox v Tynon,* 90 NY2d 166, 174; *see* Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244, at 557; *see also Matter of Alvarez v Alvarez,* 292 AD2d 524; *Wheeler v Wheeler,* 261 AD2d 398; *see generally* Domestic Relations Law § 236 [B] [7] [a]; § 240 [1] [h]; *Rosen v Rosen,* 260 AD2d 361; *O'Brien v O'Brien,* 195 AD2d 993). Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.