In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Queens County (Borofsky, H.E.), dated March 28, 2001, as, after a hearing, directed him to pay the sum of $608 per week in child support and the sum of $51,072 in arrears, and (2) from an order of the same court (Friedman, J.), dated May 20, 2002, which denied his objections to the order dated March 28, 2001.
Ordered that the appeal from the order dated March 28, 2001, is dismissed, without costs or disbursements, as that order was superseded by the order dated May 20, 2002; and it is further,
Ordered that the order dated May 20, 2002, is affirmed; and it is further,
*523 Ordered that one bill of costs is awarded to the mother.
The Family Court properly sustained the Hearing Examiner’s determination directing the father to pay child support in the sum of $608 per week. Contrary to the father’s contentions, the Hearing Examiner properly found that his income was greater than that indicated in his most recent income tax return (see Matter of Graves v Smith, 284 AD2d 332, 333 [2001]; Matter of Mobley-Jennings v Dare, 226 AD2d 730 [1996]; see also Bittner v Bittner, 296 AD2d 516 [2002]; Matter of Gallager v Flaherty, 220 AD2d 867 [1995]). A court is not required to rely upon a party’s own account of his or her finances, and may impute income based upon that party’s past income or demonstrated earning potential (see Cohen v Cohen, 294 AD2d 184 [2002]; Matter of Graves v Smith, supra). Here, the Hearing Examiner properly imputed income to the father based on his past and present earning potential (see Matter of Kellogg v Kellogg, 300 AD2d 996 [2002]; Matter of Monroe County Dept. of Social Servs. [Mercado] v Mercado, 241 AD2d 948 [1997]).
The father’s remaining contentions either are unpreserved for appellate review or without merit. Ritter, J.R, Florio, S. Miller and H. Miller, JJ., concur.