■ In the Matter of ERIN CULHANE, Respondent, v PETER HOLT, Appellant. [813 NYS2d 400]—

Order, Family Court, New York County (Sara P. Schechter, J.), entered on or about March 4, 2005, which denied respondent's objections to a Support Magistrate's order, dated December 17, 2004, awarding petitioner monthly child support of $5,776.75, unanimously reversed, on the law, without costs, the award vacated and the matter remanded to Family Court for further proceedings, including a further hearing, if necessary, to determine respondent's past and prospective child support in a manner consistent herewith.

The Magistrate did not violate the mandate of Family Court Act § 413 (1) (b) (5) (i) when he based respondent's income on the average of his projected earnings for 2004 and 2005. While Family Court Act § 413 (1) (b) (5) (i) provides that the relevant income figure is the "gross (total) income as should have been or should be reported in the most recent federal income tax return," nothing in the statute prohibits reliance upon partial information from a tax year not yet completed (*see Matter of*

*Kellogg v Kellogg,* 300 AD2d 996 [2002]; *Matter of Monroe County Dept. of Social Servs. v Mercado,* 241 AD2d 948 [1997]). Further, a court is not required to rely upon a party's own account of his or her finances and may impute income based upon that party's past income or demonstrated earning potential (*see Matter of Talero v Talero,* 1 AD3d 522 [2003]).

The Magistrate erred, however, in applying the 17% statutory rate to the entire portion of the parties' combined income in excess of $80,000 without considering the actual needs of the subject two-year-old child. While the Magistrate stated, in conclusory fashion, that the award conformed with the child's needs, in reality he appears to have merely allocated 50% of the mother's expenses to the child without any analysis of whether that approach was appropriate. "[I]n high income cases, the appropriate determination under [Family Ct Act § 413 (1) (f)] for an award of child support on parental income in excess of $80,000 should be based on the child's actual needs and the amount that is required for the child to live an appropriate lifestyle, rather than the wealth of one or both parties" (*Matter of Brim v Combs,* 25 AD3d 691, 693 [2006], citing *Anonymous v Anonymous,* 286 AD2d 585 [2001]). Contrary to petitioner's contention, *Matter of Cassano v Cassano* (85 NY2d 649 [1995]) does not hold otherwise. Accordingly, on remand, Family Court should consider the appropriate level of child support in light of the child's actual needs. As part of its analysis, the court should consider whether a cap on combined income subject to child support is warranted (*see Mitnick v Rosenthal,* 260 AD2d 238 [1999], *lv dismissed* 94 NY2d 797 [1999], *lv denied* 95 NY2d 769 [2000]). Concur—Tom, J.P., Friedman, Sullivan, Gonzalez and Catterson, JJ.