Thompson v Thompson (2020 NY Slip Op 05168)





Thompson v Thompson


2020 NY Slip Op 05168


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 313421/2011 Appeal No. 11868 Case No. 2019-04052 

Before: Friedman, J.P., Mazzarelli, Kern, Kennedy, JJ. 


[*1]Victor G. Thompson, Plaintiff-Respondent,
v
Claudine T. Thompson, Defendant-Appellant.


Akin Gump Strauss Hauer & Feld LLP, New York (Sean M. Nolan of counsel), for appellant.
Law Offices of Sergio Villaverde, PLLC, New York (Sergio Villaverde of counsel), for respondent.



Order, Supreme Court, New York County (Phyllis Sambuco, Special Referee), entered June 17, 2019, after a trial, which, to the extent appealed from as limited by the briefs, denied defendant's request to impute income to plaintiff in calculating his child support obligation, unanimously reversed, on the facts, without costs, defendant's request granted, and the matter remanded for further proceedings in accordance herewith.
The court improvidently exercised its discretion in calculating plaintiff's child support obligation based on his self-reported gross annual income at the time of trial and declining to impute income to him based on his demonstrated earning potential (see K. v B., 13 AD3d 12, 20 [1st Dept 2004], appeal dismissed 4 NY3d 776 [2005]; Matter of Culhane v Holt, 28 AD3d 251, 252 [1st Dept 2006]). Trial evidence established that between the years 2011 and 2016, plaintiff's income ranged from $78,866 to $100,000. Plaintiff testified that he was terminated from his employment in early 2017, after the instant support proceedings were commenced, and forced to take a lesser paying job because he could not find commensurate work. However, nothing in the record reasonably explains his inability to secure a similar position. Moreover, the court accepted plaintiff's testimony as to his gross annual income while making inconsistent findings as to his credibility, and rejected any imputation of income as "speculative," despite his demonstrated earning potential. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020