Matter of Andalora v Dix (2021 NY Slip Op 02698)





Matter of Andalora v Dix


2021 NY Slip Op 02698


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1159 CAF 20-00705

[*1]IN THE MATTER OF MARY JO ANDALORA, PETITIONER-APPELLANT,
v
DAVID J. DIX, JR., RESPONDENT-RESPONDENT. 






UBER LAW OFFICE, PC, JAMESTOWN (R. SHANE UBER OF COUNSEL), FOR PETITIONER-APPELLANT.
ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, III, OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Family Court, Chautauqua County (Michael J. Sullivan, J.), entered September 13, 2019 in a proceeding pursuant to Family Court Act article 4. The order, among other things, reversed an order of the Support Magistrate and dismissed the amended petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the amended petition and the order of the Support Magistrate are reinstated, and the matter is remitted to Family Court, Chautauqua County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 4, petitioner mother appeals from an order that granted in part respondent father's written objections to the order of the Support Magistrate and, inter alia, dismissed the amended petition. We reverse.
The parties were divorced pursuant to a judgment that, insofar as relevant here, fixed a monthly child support obligation and provided that "each party has a right to seek a modification of the child support [obligation] upon a showing of [inter alia] substantial change in circumstances." In the judgment, Supreme Court further decreed that "all future matters involving custody, visitation, and child support are referred to the Family Court of Chautauqua County to hear, determine and enforce."
The mother thereafter petitioned Family Court to modify the child support obligation and alleged in her amended petition that, insofar as relevant here, a substantial change in circumstances had occurred. The amended petition did not seek to invalidate the child support provisions of the parties' separation agreement as violative of the Child Support Standards Act (CSSA).
The Support Magistrate granted the amended petition on two grounds. First, the Support Magistrate found that the mother established a substantial change in circumstances that warranted modification of the parties' child support obligations. Alternatively, the Support Magistrate determined, sua sponte, that the child support provisions of the parties' separation agreement violated the CSSA such that a de novo computation of child support was required.
The father filed objections to the Support Magistrate's determinations. Family Court granted one such objection and, inter alia, dismissed the mother's amended petition solely on the ground that Family Court, as an entity, lacked subject matter jurisdiction to invalidate the child support provisions of a separation agreement. The court did not address the father's objections to the Support Magistrate's primary determination, i.e., that a substantial change in circumstances required modification of the child support obligation.
As the mother correctly contends, the court erred in dismissing the amended petition without first ruling on the father's objections to the Support Magistrate's change-in-circumstances determination. Given Supreme Court's referral to Family Court of "all future matters involving . . . child support," Family Court had subject matter jurisdiction to entertain the mother's petition to modify the child support order on the ground of a substantial change in circumstances (see NY Const, art VI, § 13 [c]; Matter of Quiggle v Quiggle , 144 AD2d 1011, 1011 [4th Dept 1988]). Thus, the court should have addressed the father's objections to the Support Magistrate's primary rationale for granting the amended petition, i.e., a substantial change in circumstances (see generally Matter of Paul v Rodems , 226 AD2d 1047, 1049 [4th Dept 1996]; Matter of Cain v Cousar , 52 AD2d 924, 924 [2d Dept 1976]). We therefore reverse the order on appeal, reinstate the amended petition and the order of the Support Magistrate, and remit the matter to Family Court for further proceedings on the father's remaining objections (see Matter of Spilman-Toll v Toll , 209 AD2d 1015, 1016 [4th Dept 1994]). The mother's remaining contention is properly considered on remittal in connection with the father's remaining objections.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court